[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, the Water Pollution Control Authority of the City of Bridgeport ("WPCA"), brings this appeal against the defendant, the Commissioner of Labor of the State of Connecticut ("Commissioner"), Labor Department, a/k/a Occupational Safety and Health Review Commission ("Review Commission"), pursuant to General Statutes 4-183, the Uniform Administrative Procedures Act ("UAPA"). The appeal relates to certain penalties imposed by the defendant on the plaintiff for violations of General Statutes 31-367 et seq., Connecticut's Occupational Safety and Health Act ("OSHA"). The plaintiff seeks an order of this court "reversing" the defendant's decision and "staying" the imposition of any such penalties.
The penalties at issue were levied by the defendant Commissioner, Department of Labor, Division of Occupational Safety and Health, in connection with excavations for two separate sewer construction projects conducted by the WPCA in the city of Bridgeport, one on Dayton Road and the other on Burr Road. The Commissioner cited the plaintiff for lack of inspection, failure to properly shore and slope the excavations, storage of spoiled materials too close to the edge of an excavation, and failure to have a ladder in the excavation site.
The Commissioner also alleged that some of these violations were willful and repeated. The hearing officer, one H. T. Greenleaf, concurred and imposed fines on the WPCA totalling approximately $14,000.
The plaintiff appealed this administrative decision to the Occupational Safety and Health Review Commission; General Statutes 31-376; which CT Page 7345 determined that the plaintiff's violations of the OSHA regulations were not "willful", but did sustain the hearing officer's decision that they constituted "repeat" violations. Repeat violations are subject to a maximum fine of $10,000; General Statutes 31-382(a); rather than the usual $1,000 maximum; General Statutes 31-382(b).
The Review Commission reduced the fines by $3,700 to $10,300. The plaintiff then appealed to this court claiming that any violations of the OSHA regulations were not "repeat" violations; that the Review Commission failed to reduce the penalties imposed by reason of the plaintiff's "good faith" efforts to comply with OSHA, General Statutes 31-382(k); that the defendant failed to consider that the city of Bridgeport was in a fiscal crisis; and that its own employee's intentional misconduct relieved the plaintiff of any liability for penalties.
The defendant moved, pursuant to Practice Book 143, to dismiss the appeal on subject matter jurisdiction grounds, claiming that the agency which actually rendered the decision was the Review Commission, not the Commissioner of Labor, the named defendant. A failure to include a party in an appeal "renders the appeal subject to dismissal for want of jurisdiction." Newtown v. Department of Public Utility Control,3 Conn. App. 416, 419, 488 A.2d 1286 (1985). The plaintiff argued in opposition to the motion that the Review Commission's only function, pursuant to General Statutes 31-376, was to provide hearing officers, and therefore the Review Commission was neither an agency nor a party to this proceeding, and that the "agency rendering the decision" was the named defendant, the Commissioner of Labor. General Statutes 4-183(c).
The motion to dismiss was denied, Flynn, J., on January 14, 1991, and the plaintiff claims that this is the "law of the case." The defendant has now renewed its argument by way of a special defense, based on General Statutes 31-376(a), that the decision being appealed was that of the Review Commission, an independent agency and not a part of the Labor Department, except for "administrative" purposes. The defendant argues that this court therefore lacks subject matter jurisdiction. The "law of the case" doctrine was discussed in McCutcheon and Burr. Inc. v. Berman, 218 Conn. 512, 525,590 A.2d 438 (1991), as follows "[the] law of the case is not written in stone but is a flexible principle of many facets adaptable to the exigencies of the different situations in which it may be invoked . . . In essence it expresses the practice of judges generally to refuse to reopen what has been decided, and is not a limitation on their power." (emphasis in original).
In reviewing the prior decision on the motion to dismiss, it is noted that the Review Commission was made a party defendant on January 14, 1991, also per order of Judge Flynn. More importantly, note has been taken both of LeConche v. Elligers, 215 Conn. 701, 714, 579 A.2d 1 (1990), which states that "the court should indulge every presumption in favor of subject matter jurisdiction," and also the 1988 amendment to 4-183 of UAPA, providing that certain procedural infirmities do not deprive the court of CT Page 7346 subject matter jurisdiction; Public Acts 1988, No. 88-317, 23(c). Hence, the special defense of lack of subject matter jurisdiction is rejected.
The plaintiff does not contest the imposition of penalties for the violations cited by the Commissioner, but does contest the higher amounts based on the claim that the plaintiff is subject to "repeat" violations. This was based on the opinion of the hearing officer and Review Commission that the plaintiff was a successor to the Department of Public Works of the city of Bridgeport ("DPW"), which had concededly received a penalty in November of 1987 for a violation of OSHA. The plaintiff, WPCA, on the other hand, was not created until July 1, 1988, and claims that it is entitled in effect to a "clean slate." The plaintiff asserts that it should not be responsible for penalties for any "repeat" OSHA violations incurred by the DPW because plaintiff is an independent, autonomous agency, and not a part of the government of the city of Bridgeport, although conceding that it is a "political subdivision" of the city. The defendant argues that the imposition of a repeat violation is proper because the WPCA is a "successor" to the Department of Public Works.
Turning to the standard of review in a case involving UAPA, as was said in Timber Trails Corporation v. Planning and Zoning Commission,222 Conn. 380, 400, A.2d (1992), "[t]he court can do no more, on the factual questions presented, than to examine the record to determine whether the ultimate findings were supported, as [4-183(g)] requires, by substantial evidence." (citations omitted). According to Caldor. Inc. v. Heslin,215 Conn. 590, 596, 577 A.2d 1009 (1990), the review under UAPA is "very restricted" in scope; the court cannot retry the case or substitute its own judgment; and its duty is "only to decide whether, in light of the evidence, the [named defendant] has acted unreasonably, arbitrarily, illegally, or in abuse of [its] discretion." (citations omitted).
The doctrine of successor liability, on which the defendant premises its claim of a repeat violation, is an exception to the general rule that a "bona fide purchaser of the property of a corporation for a valuable consideration takes it free from any trust or lien in favor of creditors, created by the so-called `trust fund doctrine.'" Davis v. Hemming,101 Conn. 713, 725, 127 A. 514 (1925). I have not located any case where the doctrine has been applied to municipal agencies or departments, as contrasted with private corporations, but I see no reason why this theory cannot be applied in this appeal. As was said in U.S. v. Mexico Feed and Seed Co., 764 F. Sup. 565, 573 (E.D.Mo. 1991), there are four exceptions to the general rule of non-liability for a successor corporation: "(1) where there is an express or implied assumption of liability; (2) where the transaction amounts to a consolidation or merger; (3) where the transferee corporation is a mere continuation of the transferor; or (4) where the transaction was fraudulent or lacking in good faith." The court went on to say that a number of factors should be weighed in imposing successor liability, including whether the successor, the WPCA, in this case "(1) retains the same employees; (2) retains the same supervisory personnel; (3) retains the same production facilities in the same location; CT Page 7347 (4) continues producing the same products; (5) retains the same name; (6) maintains continuity of assets and general business operations; and (7) whether the successor holds itself out to the public as the continuation of the previous corporation." The court in that case found successor liability on the basis that the successor "retained the same employees and management, operated out of the same physical facilities and continued the same waste-hauling business, held itself out to the public as the same company and retained virtually all of the operating assets." The court also stated that the fact that the successor did not retain the same officers or board members was not fatal so long as the other factors were present.
The Review Commission determined that the defendant WPCA was in effect "a mere continuation" of its predecessor, the DPW of the city of Bridgeport. The plaintiff argues that this conclusion is in error and points to the following: (i) WPCA has its own board of directors and its own management; (ii) its budget is separate from that of the city, and it imposes fees on those who use the sewer system; and (in) in addition to Bridgeport residents, the plaintiff has some customers in adjacent communities, which was apparently not the case with the Bridgeport DPW.
The Review Commission, in concluding that the plaintiff was a successor to the DPW, found the following: (i) WPCA was created out of certain divisions of the DPW, with the same employees who formerly did sewer work for the DPW; (ii) the plaintiff performs the same functions as did the DPW, viz., constructs, maintains and manages the sewer system; (in) WPCA uses the same equipment which formerly belonged to the DPW and in fact its vehicles still have the DPW markings; (iv) its customers are essentially the same as those of the DPW; (v) only the city itself can issue debt instruments, not the WPCA, General Statutes 7-259 et seq.; and (vi) ultimate financial responsibility for WPCA lies with the city of Bridgeport, in the sense that if the city cannot balance its budget, then the agency created by Special Act No. 88-80, the Bridgeport Financial Review Board, will assume control of all city agencies, including the plaintiff.
Returning to the standard of review under UAPA, the conclusion by the defendant that the plaintiff is a successor to the DPW is supported by substantial evidence in the record, and therefore it is this court's opinion that the defendant did not act unreasonably, arbitrarily, illegally or in abuse of its discretion.
In addition to the argument concerning successor liability, the plaintiff has made several other claims. The first concerns the multi-employer situation. This involves a number of employers on a particular site, such as contractors and subcontractors. Only the employer who controls the job site is deemed responsible for OSHA violations. This type of case is inapplicable to the issue of whether WPCA is liable for repeat violations as a successor to the DPW. The plaintiff also argues that since there were two separate job sites where CT Page 7348 the violations occurred, the plaintiff is absolved from liability. This doctrine refers to an employer who has different fixed work sites, e.g., separate terminals or stores, and would not be held liable for repeat violations unless incurring at the same fixed site. This would not appear to apply to non-fixed work sites, such as different sewer excavations in one city. The plaintiff also cites Gordon v. Bridgeport Housing Authority,208 Conn. 161, 172, 544 A.2d 1185 (1988), as authority for its claim that the WPCA, like the Housing Authority, is independent and not an agency of the city. The issue in this appeal, however, is not autonomy, but rather whether the plaintiff is in fact the successor of the DPW, as the Review Commission decided, because it was created from DPW, performs the same functions for basically the same customers and with the same equipment and the same personnel as did the DPW.
The plaintiff also argue that the successor doctrine is only applicable to labor relations, but that is incorrect, as it has been applied in the environmental area as indicated, for example, in U.S. v. Mexico Feed and Seed Co., supra, a case involving the Comprehensive Environmental Resource, Compensation and Liability Act (CERCLA), 42 U.S.C. § 9601 et seq. The plaintiff presents other arguments, all of which have been rebutted successfully by the defendant. For example, the plaintiff argues that the Bridgeport is in a fiscal crisis, but the defendant points out that a fine of $10,000 is not significant with respect to a city having an annual budget of some $300,000,000, nor could it have a significant effect on WPCA itself which, if it had to, could presumably increase its user fees by only a minimal amount in order to pay the $10,000 penalty to the defendant. Plaintiff argues, also, that it should be absolved from liability because the OSHA violations were all intentionally created by one of its employees, but the defendant points out that the employee in question was a foreman, that the plaintiff never offered any evidence that this employee was disciplined, and also that these violations indicate a lack of proper training, for which the plaintiff cannot escape liability. Plaintiff's other arguments of "good faith" and a reduction for a "first" violation are based on its assumption that the doctrine of successor liability should not be imposed on it.
Finally, the plaintiff does make the point that because of the number of WPCA employees, approximately seventy, it is entitled to a ten per cent reduction of the penalty for size of the work force, an argument with which I agree, and which the defendant does not appear to contest too strenuously. I believe this would amount to $1,030, but the final precise calculations should be left to the defendant.
In conclusion, the plaintiff's appeal of the defendant's imposition of penalties is dismissed, and the decision of the defendant is affirmed, as modified by the ten per cent reduction referred to above, without costs.
So Ordered.
Dated at Bridgeport, Connecticut this 4th day of August, 1992. CT Page 7349
WILLIAM B. LEWIS, JUDGE