JEFFREY SHAPIRO ET AL. *v.* LESLIE CAROTHERS, COMMISSIONER OF ENVIRONMENTAL PROTECTION
(8592)

SPALLONE, DALY and O'CONNELL, Js.

Argued June 4—decision released September 11, 1990

*Linda L. Morkan,* with whom, on the brief, was *Eric Lukingbeal,* for the appellants (plaintiffs).

*Janet P. Brooks,* assistant attorney general, with whom, on the brief, were *Clarine Nardi Riddle,* attorney general, and *Joseph Rubin,* assistant attorney general, for the appellee (defendant).

O'CONNELL, J. The plaintiffs, Jeffrey Shapiro and Cedar Island Marina, Inc., have appealed from the dis-

missal of their administrative appeal. They had sought review of the defendant's denial of the application for the permits needed to expand Cedar Island Marina in Clinton. The plaintiffs claim that the trial court incorrectly concluded that they had not complied with the statutory requirements governing administrative appeals. We affirm the judgment of the trial court.

The following facts are relevant to this appeal. The plaintiffs applied to the water resources unit of the department of environmental protection for permission to expand a marina. During the review of the plaintiffs' application, the Connecticut Fund for the Environment (CFE) intervened as a party pursuant to General Statutes § 22a-19. Following a public hearing, the plaintiffs' application was denied in January, 1989.

In February, the plaintiffs filed a timely appeal of the decision pursuant to General Statutes § 4-183. The defendant, the commissioner of environmental protection, moved to dismiss the appeal for lack of subject matter jurisdiction, arguing that the plaintiffs had not properly served all the parties to the administrative action. Specifically, the defendant claimed that while the CFE had been served with copies of the appeal papers, it had not been summoned to appear in court.[1] The trial court granted the defendant's motion, finding that the lack of a summons meant that the plaintiffs had not complied with the terms of § 4-183 (b).[2]

---

[1] The Connecticut Fund for the Environment did not participate in the proceedings in the trial court or in the appeal to this court.

[2] At the time of this appeal, General Statutes § 4-183 (b) provided: "Proceedings for such appeal shall be instituted by filing a petition in superior court for the judicial district of Hartford-New Britain or for the judicial district wherein the aggrieved person resides or if such person is not a resident of this state to the court for the judicial district of Hartford-New Britain within forty-five days after mailing of the notice of the final decision of the agency or, if a rehearing is requested, within forty-five days after mailing of the notice of the decision thereon. Copies of the petition shall be served upon the agency and all parties of record within thirty days after mailing

We begin our analysis of the plaintiffs' claims by again emphasizing that administrative appeals are creatures of statute, and that parties must strictly comply with the statutes that create the right to appeal. *Del-Vecchio* v. *Department of Income Maintenance,* 18 Conn. App. 13, 14, 555 A.2d 1007 (1989). The statutory requirements are jurisdictional; if a party fails to abide by them, the appeal is subject to dismissal. *Donis* v. *Board of Examiners in Podiatry,* 207 Conn. 674, 683, 542 A.2d 726 (1988). The statute in effect at the time of this appeal, § 4-183 (b), required that the appeal petition be served upon the relevant agency and all other parties of record within thirty days after notice of the administrative decision. The question we must decide, therefore, is whether the documents served on the CFE, a party of record to the administrative proceeding, satisfied the statutory mandate.

Both our Supreme Court and this court have held that in order to be valid, an appeal must contain a proper citation. *Chestnut Realty, Inc.* v. *Commission on Human Rights & Opportunities,* 201 Conn. 350, 356–57, 514 A.2d 749 (1986); *DelVecchio* v. *Department of Income Maintenance,* supra. " 'A citation is a writ issued out of a court of competent jurisdiction, commanding a person therein to appear on a day named to do something therein mentioned.' " *Sheehan* v. *Zoning Commission,* 173 Conn. 408, 412, 378 A.2d 519 (1977). A proper citation "clearly apprises all concerned that a lawsuit is being instituted, and contains notice of the return date, and the requirement for filing an appearance, and also directs a competent authority to

of such notice or, if a rehearing is requested, within thirty days after mailing of the notice of the decision thereon, except that service upon an agency may be made by the appellant mailing a copy of the petition by registered or certified mail, postage prepaid, without the use of a sheriff or other officer, to the office of the commissioner of the agency or to the office of the attorney general in Hartford."

summon the defendant . . . . " *Chestnut Realty, Inc.* v. *Commission on Human Rights & Opportunities,* supra.

In this case, the CFE was never informed that it had to file an appearance in the trial court. Instead, it was simply served with a copy of the papers served on the defendant, who, in contrast, *was* directed to appear and to answer the plaintiffs' claims. While it is true that the defendant's citation appeared on the same sheet as the defective citation directed to the CFE, and thus the CFE had notice of when and where the appeal was to be heard, this was not enough to satisfy § 4-183 (b). "A proper citation is essential to the validity of the appeal and the jurisdiction of the court. . . . [It] is not synonymous with notice." (Citations omitted.) *Village Creek Homeowners Assn.* v. *Public Utilities Commission,* 148 Conn. 336, 339, 170 A.2d 732 (1961). The trial court correctly dismissed the appeal because of the plaintiffs' failure to comply with § 4-183 (b).[3]

The plaintiffs argue that the legislature has, over the past several years, amended § 4-183 in such a manner as to remove the requirement that parties be summoned. We do not agree. In *DelVecchio* v. *Department of Income Maintenance,* supra, 15, this court determined that § 4-183 (b), as it stood at all times relevant to this appeal, included the requirement of a valid citation.

The plaintiffs also argue that the most recent changes in § 4-183, enacted in Public Acts 1988, No. 88-317,

---

[3] The plaintiffs' argument that the flaw in the citation was a mere technical defect in the pleadings that could be corrected at any time; see General Statutes §§ 52-72, 52-123, 52-128; is without merit. The failure to include a party defendant properly in the citation "is not a defect curable by amendment and renders the appeal subject to dismissal for want of jurisdiction." *Newtown* v. *Department of Public Utility Control,* 3 Conn. App. 416, 419, 488 A.2d 1286 (1985); *Sheehan* v. *Zoning Commission,* 173 Conn. 408, 413, 378 A.2d 519 (1977).

and effective July 1, 1989, should be applied to this appeal, which was taken on February 21, 1989. They argue that the changes are mere clarifications of existing law, and therefore Public Acts 1988, No. 88-317 should be applied retroactively. We do not agree. Our Supreme Court has already indicated that the changes in § 4-183 were so drastic and extensive that they "cannot be viewed as a mere clarification of legislative intent," and, therefore, they have no retroactive effect. *Tarnopol* v. *Connecticut Siting Council,* 212 Conn. 157, 162 n.7, 561 A.2d 931 (1989). The plaintiffs' efforts to distinguish the present case from *Tarnopol* are not persuasive.

The judgment is affirmed.

In this opinion the other judges concurred.