## CLIFFORD FEE *v.* LESLIE CAROTHERS, COMMISSIONER OF ENVIRONMENTAL PROTECTION
### (8651)

DALY, O'CONNELL and CRETELLA, Js.

Argued October 1—decision released October 23, 1990

*Charles J. Irving,* for the appellant (plaintiff).

*David H. Wrinn,* assistant attorney general, with whom were *Robert B. Teitelman,* assistant attorney general, and, on the brief, *Clarine Nardi Riddle,* attorney general, and *Joseph Rubin,* assistant attorney general, for the appellee (defendant).

PER CURIAM. The plaintiff applied to the commissioner of environmental protection for a permit to retain several structures he had erected without a permit and to undertake certain additional regulated activities. The commissioner denied his application, and the plaintiff appealed to the Superior Court. The commissioner moved to dismiss on the basis of the plaintiff's failure to cite and serve all necessary parties to the appeal. The trial court granted the motion, and the plaintiff appealed to this court. We affirm the decision of the trial court.

The plaintiff's first claim is that he complied with the provisions of General Statutes § 4-183 as amended by Public Acts 1988, No. 88-317, which he contends was

in force at the time his action was "commenced." This claim is dependent on a finding by this court that his action was "commenced" on July 11, 1989, the return date of his complaint. To hold otherwise would be to find that the provisions of Public Acts 1988, No. 88-317, do not apply, since the action was served on the defendant prior to July 1, 1989, the date on which Public Acts 1988, No. 88-317, became effective.[1]

It is a well established rule in Connecticut that "an action is commenced on the date of service of the writ upon the defendant." *Valley Cable Vision, Inc.* v. *Public Utilities Commission,* 175 Conn. 30, 33, 392 A.2d 485 (1978); see *Martin* v. *Bristol Associates,* 22 Conn. App. 625, 627, 557 A.2d 1138 (1990). Since the plaintiff's appeal was served on June 14, 1989, it was "commenced" before July 1, 1989, and the provisions of Public Acts 1988, No. 88-317, do not apply. The plaintiff's first claim is therefore without merit.

The plaintiff's second claim is that any defects in his complaint and service are curable by amendment to the pleadings under the provisions of Public Acts 1988, No. 88-317. The plaintiff claims that the amendment provisions of that statute should be retroactively applied to his appeal since those provisions are procedural and not substantive.

In the recent case of *Shapiro* v. *Carothers,* 23 Conn. App. 188, 192, 579 A.2d 583 (1990), we followed the Supreme Court case of *Tarnopol* v. *Connecticut Siting Council,* 212 Conn. 157, 561 A.2d 931 (1989), in hold-

---

[1] See General Statutes (Rev. to 1989) § 4-183. The plaintiff makes no attempt to argue that the appeal was improperly dismissed under the provisions of General Statutes § 4-183 (b) in effect prior to July 1, 1989. An assignment of error that is merely mentioned but not briefed beyond the mere statement of the claim is deemed abandoned and will not be reviewed. *Cohen* v. *Security Title & Guaranty Co.,* 212 Conn. 436, 437 n.1, 562 A.2d 510 (1989).

ing that the changes in General Statutes § 4-183 (b) were not retroactive but prospective. The plaintiff's contention that the failure to cite and serve all parties is a defect curable by amendment pursuant to Public Acts 1988, No. 88-317, is therefore without merit.

" 'The right to appeal from the decision of an administrative agency exists only under statutory authority. This right may be taken advantage of only by strict compliance with the statutory provisions by which it is created.' " *Capozziello* v. *Board of Firearms Permit Examiners,* 14 Conn. App. 376, 380, 540 A.2d 1075 (1988). "The failure to include a party defendant properly in the citation 'is not a defect curable by amendment and renders the appeal subject to dismissal for want of jurisdiction.' *Newtown* v. *Department of Public Utility Control,* 3 Conn. App. 416, 419, 488 A.2d 1286 (1985); *Sheehan* v. *Zoning Commission,* 173 Conn. 408, 413, 378 A.2d 519 (1977)." *Shapiro* v. *Carothers,* supra, 191 n.3. The plaintiff's attempts to amend his appeal will not suffice to save it under General Statutes § 4-183 as it existed at the time of the appeal.

The judgment is affirmed.