[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The plaintiff state agency appeals a final decision of the Freedom of Information Commission (FOIC), pursuant to Conn. Gen. Stats. 1-21:(d) and the Uniform Administrative Procedures Act, Conn. Gen. Stats. 4-183. In the citation, the plaintiff omitted the FOIC but did name the other parties to the proceedings which were held at the administrative level. The citation set the return date of the appeal as the third Tuesday of July 1990. The appeal was accompanied by an application for a stay of the FOIC's decision pending the outcome of the appeal. In connection with that application for a stay, the plaintiff issued a summons to all defendants, including the FOIC, to appear for a show cause hearing on July 9, 1990.
It is a basic tenet of administrative law that a proper citation, naming all necessary parties, is essential to the validity of an appeal and the jurisdiction of the court. Conn. Gen. Stats. 4-183; Shapiro v. Carothers, 23 Conn. App. 188
(1990). The plaintiff state agency in in in this case claims, however, that the summons to the show cause hearing was the functional equivalent of a proper citation and provided adequate notice to the FOIC of the appeal. This is a rather anomalous position for the state to take since it has consistently and successfully argued in the past that administrative appeals must conform strictly to the statute that created the right to appeal. See Shapiro v. Carothers, supra at 190, where the court lists three such cases. In this case, the statute, Conn. Gen. Stats. 4-183(c), unequivocally requires that the citation include the FOIC as the "agency that rendered the final decision." Although the summons to the show cause hearing arguably provided notice to the FOIC, that is not sufficient. Shapiro v. Carothers, supra 191.
The failure to include a party defendant in the citation is an incurable defect and "renders the appeal subject to dismissal for want of jurisdiction." Newtown v. Department of Public Utility Control, 3 Conn. App. 416, 419 (1985); another case where a state agency successfully argued the position which the state now opposes in this case.
The defendant's motion to dismiss is granted.
Maloney, J. CT Page 4808