[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
This action is an administrative appeal from the decision of the Department of Income Maintenance for the State of Connecticut (Department).
On May 31, 1990, the plaintiff, Linda J. Solsbury, took an administrative appeal pursuant to Conn. Gen. Stat. sec. CT Page 9564-183 claiming to be aggrieved by the final decision of an agency proceeding rendered by the Department of Income Maintenance. On May 10, 1990, the Department of Income Maintenance denied plaintiff's petition for reconsideration of a prior decision by the Department on April 19, 1990, affirming the validity of the state's lien on her lawsuit for personal injuries. The appeal, dated May 22, 1990, was filed on May 31, 1990.
The appeal lacks a citation. The defendant Commissioner of the Department now moves to dismiss the plaintiff's administrative appeal for lack of subject matter jurisdiction.
The defendant claims that the plaintiff failed to annex to her petition a citation, a notice of the return date, and notice of the requirement of filing an appearance.
The issue is whether or not the lack of a citation on an administrative appeal deprives this court of subject matter jurisdiction following the amendment of General Statutes 4-183
effective July 1, 1989.
The plaintiff contends that the amended version of the Uniform Administrative Procedures Act (UAPA), Conn. Gen. Stat. sec. 4-183 et seq., eliminates the need for a citation by abolishing the requirement for filing a petition with the court.
The legislative history of the UAPA does not appear to support this argument. The Connecticut Law Revision Commission specifically requested that the legislature amend the UAPA to "clarify whether a citation is or is not needed." Conn. Joint Standing Committee Hearings, Judiciary Pt. 2, 1988 Sess., p. 395. The legislature has taken no action with regard to this inquiry. The legislature is presumed to be aware of existing case law, and its subsequent non-action may be understood as a validation of that case law. Ralston Purina Co. v. Board of Tax Review, 203 Conn. 425, 439 (1987).
Our Supreme Court and Appellate Court have held that a citation is essential to the validity of an administrative appeal. DelVecchio v. Department of Income Maintenance,18 Conn. App. 13, 15 (1989). "`The citation is a matter separate and distinct from the sheriff's return and is the important legal fact upon which the judgment rests. . . A proper citation is essential to the validity and the jurisdiction of the court.'" Id. at p. 16. See Shapiro v. Carothers, 23 Conn. App. 188,190 (1990).
"The purpose of Conn. Gen. Stat. sec. 4-183 (b)[1] is not to obviate the need for a citation, but rather to permit CT Page 957 service upon the administrative agency in a manner different from ordinary civil actions, that is, by registered or certified mail." Id. The absence of a citation signed by a competent authority renders an administrative appeal fatally defective. McQuillan v. Department of Liquor Control, 216 Conn. 667, 670-71
(1990).
As pointed out by the defendant, the petition in the present case does not contain a return date or notice of the requirement of filing an appearance.
In the McQuillan case, supra, the court defined the
dispositive issue as "whether the plaintiff's administrative appeal in fact failed to include the citation required by section 4-183 (b). Id. at p. 671. The McQuillan court, in citing Chestnut Realty, Inc. v. Commission on Human Rights and Opportunities, 201 Conn. 350, 356-57 (1986), held that as long as a proper citation is signed by a competent authority, although an improper form of citation was used, the jurisdiction of the court is not called into question. McQuillan, supra at p. 672. In effect, the McQuillan court held that a citation was required in the plaintiff's administrative appeal even though the citation was on the wrong form.
The plaintiff argues that the amended UAPA does away with the necessity of doing anything other than mailing a copy of the appeal to the proper parties and filing the appeal with the clerk of the court within the statutorily allotted time.
The plaintiff perceives the amended UAPA as doing away with all of the trappings of a lawsuit.
In the context of the amended UAPA, plaintiff's argument was raised in Board of Education v. State Board of Education, 38 Conn. Sup. 712, (App. Sess. 1983), wherein the claim was that the legislature, in its amendment to General Statutes sec. 4-183 (b), deleting the provision for service, eliminated the requirement for a citation.
The key, necessary to open the door to the judicial system and thereby gain access to the courts of this state, is through the use of a citation. Id. 716, Practice Book sec. 49. The citation is not equated to the method of service as proposed by the plaintiff. Board of Education v. State Board of Education, supra 716. See Shapiro v. Carothers, supra 190. The citation is a direction to the party named in the citation to appear in court on a date certain to respond to the plaintiff's complaint. Id. CT Page 958
In this case, the plaintiff merely filed a petition with the clerk of the court. No citation was used. No return date was given to the defendant, and no direction to the defendant to file an appearance. These elements are essential for the plaintiff to gain access to our court system. Id. Plaintiff's failure to do so deprives this court of subject matter jurisdiction.
Accordingly, defendant's motion to dismiss is granted.
ARNOLD W. ARONSON JUDGE, SUPERIOR COURT