ROBERT FROMER *v.* BOYER-NAPERT
PARTNERSHIP ET AL.
(9769)

DALY, FOTI and LAVERY, Js.

Argued October 3—decision released November 26, 1991

*Robert Fromer,* pro se, the appellant (plaintiff).

*Francis J. Pavetti,* for the appellee (named defendant).

PER CURIAM. The plaintiff appeals to this court from the trial court's dismissal of his administrative appeal

to it. In February, 1989, the defendant Waterford conservation commission granted the named defendant a permit to conduct certain activities in connection with the development of an office park on land abutting inland wetlands. The plaintiff intervened pursuant to General Statutes § 22a-19 (a), and appealed the commission's decision to the trial court. The plaintiff claimed that the named defendant's conduct was likely to produce unreasonable water pollution.

After our plenary analysis of the record, transcripts and briefs submitted with this appeal, and after affording the plaintiff's claims the appropriate scope of review, we determine that the factual findings of the trial court are not clearly erroneous and that its decision conforms to the applicable law.

The trial court filed a complete, legally sound memorandum of decision incorporating the facts and setting forth legal conclusions made in conformity with applicable law.[1] Because the trial court's decision completely articulates the issues involved and adequately explains the legal basis for its conclusions, it may be referred to for a detailed discussion of the facts and applicable law. See *Faith Center, Inc.* v. *Hartford,* 192 Conn. 434, 436, 472 A.2d 16, cert. denied, 469 U.S. 1018, 105 S. Ct. 432, 83 L. Ed. 2d 359 (1984); *Hinchliffe* v. *American Motors Corporation,* 192 Conn. 252, 253, 470 A.2d 1216 (1984); *Koehm* v. *Kuhn,* 18 Conn. App. 313, 315, 557 A.2d 933 (1989).

Accordingly, the trial court's memorandum of decision, reported in *Fromer* v. *Boyer-Napert Partnership,*

---

[1] The trial court cites *Fee* v. *Carothers,* 23 Conn. App. 435, 580 A.2d 1244 (1990), for the proposition that the statute in effect at the time that an appeal from an administrative ruling is commenced controls the action. We note, however, that *Vernon Village, Inc.* v. *Carothers,* 217 Conn. 130, 585 A.2d 76 (1991), which was decided after the trial court's decision in this case, established that the statute in effect at the time that the administrative proceedings are commenced controls the action.

42 Conn. Sup. 57, 599 A.2d 1074 (1991), should be referred to for a detailed discussion of the facts and legal conclusions in the case.

The judgment is affirmed.