ROBERT FROMER *v.* FREEDOM OF INFORMATION COMMISSION ET AL.

SUPERIOR COURT      JUDICIAL DISTRICT OF      FILE NO. 524557
                         NEW LONDON

Memorandum filed August 3, 1993

*Robert Fromer,* the plaintiff, pro se.

*Victor R. Perpetua,* commission counsel, for the named defendant.

*Martin R. Libbin,* for the defendant Jeffrey Feldman.

LEUBA, J. The plaintiff's vigorously contested administrative appeal presents an important question of first impression in this state concerning the extent to which a court monitor's official tape recordings of a trial must, themselves, be made available to participants in the trial pursuant to the public disclosure requirements of the Freedom of Information Act, General Statutes §§ 1-15 and 1-19.

The facts are not in dispute and can be summarized from the pleadings and the record as follows. The plaintiff, Robert Fromer, was a party to a prior action, *Fromer* v. *Boyer-Napert Partnership,* Superior Court, judicial district of New London, Docket No. CV89-0509836 (November 19, 1990), aff'd, 26 Conn. App. 185, 599 A.2d 398 (1991). The proceedings in that case were recorded by an official court monitor resulting in tape recordings of the proceedings. The official tapes are currently technically in the custody of the court clerk, the defendant Jeffrey Feldman.

The present case does not involve a request for a transcript. The plaintiff instead requested the use of the official court monitor's tapes from the clerk. The request was denied. The freedom of information commission (commission) dismissed the plaintiff's complaint after a hearing. The commission concluded that the tape recording of a court proceeding is a matter involved in the adjudication of cases and, additionally, that the requested hearing tape is a record of a judicial official performing a "nonadministrative" function and is not subject to the disclosure provisions of §§ 1-15 and 1-19.

The plaintiff has appealed the commission's determination to this court pursuant to General Statutes §§ 1-21i (d) and 4-183. He seeks reversal of the decision of the commission and such other and further relief as the court may deem just and proper. Neither party

has brought to the court's attention, nor has the court found, a reported decision on point.

Under § 1-21i (d), appeals from decisions of the commission are brought pursuant to the Uniform Administrative Procedure Act (UAPA), as codified in chapter 54 of the General Statutes, particularly § 4-183 (j), which provides in part: "The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency if the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." In addition, § 4-183 (i) requires that the appeal be confined to the record unless there are alleged irregularities in procedure not shown in the record. See also General Statutes § 4-183 (h).

Also, Connecticut courts have consistently restricted their role as overseers of administrative decisions. The Supreme Court summarized that role concisely in *Hartford Electric Light Co.* v. *Water Resources Commission,* 162 Conn. 89, 107–108, 291 A.2d 721 (1971). "The function of a trial court is to look only to the materials before the agency and 'to determine from the record whether the facts found by the commission are supported by the record, whether they furnish justifiable reasons for the action . . . and whether it has acted illegally or has exceeded or abused its powers.' *Wilson Point Property Owners Assn.* v. *Connecticut Light & Power Co.,* 145 Conn. 243, 252, 140 A.2d 874 [1958] . . . . The trial

court is not to substitute its own judgment or discretion for that of the agency. *Gulf Oil Corp.* v. *Board of Selectmen,* 144 Conn. 61, 65, 127 A.2d 48 [1956] . . . ." (Citations omitted.) Id.

Thus, a reviewing court may not retry the case and should uphold the agency's decision if that decision is reasonably supported by the evidence and the law. *Caldor, Inc.* v. *Heslin,* 215 Conn. 590, 596, 577 A.2d 1009 (1990), cert. denied, 498 U.S. 1088, 111 S. Ct. 966, 112 L. Ed. 2d 1053 (1991); *Madow* v. *Muzio,* 176 Conn. 374, 376, 407 A.2d 997 (1978); *C & H Enterprises, Inc.* v. *Commissioner of Motor Vehicles,* 176 Conn. 11, 12–13, 404 A.2d 864 (1978); *Williams* v. *Liquor Control Commission,* 175 Conn. 409, 414, 399 A.2d 834 (1978).

The reason for this limited scope of review is apparent. The legislature, in creating administrative agencies and granting them powers to determine controversies, has established a policy that such tribunals should be the decision makers within their respective jurisdictions. In fact, the practical interpretation of legislative acts by governmental agencies responsible for their administration is not only " 'a recognized aid to statutory construction' "; *Local 1186* v. *Board of Education,* 182 Conn. 93, 105, 438 A.2d 12 (1980); *Jones* v. *Civil Service Commission,* 175 Conn. 504, 508, 400 A.2d 721 (1978); it is also " 'high evidence of what the law is.' " *Board of Trustees* v. *Freedom of Information Commission,* 181 Conn. 544, 552, 436 A.2d 266 (1980). In recognition of this policy of administrative decision making, and because such agencies develop expertise in their areas of specialization, the Connecticut Supreme Court has often held that, when reviewing agency decisions, the courts should "accord great deference to the construction given [a] statute by the agency charged with its enforcement." *Corey* v. *Avco-Lycoming Division,* 163 Conn. 309, 326, 307 A.2d 155 (1972), cert. denied, 409 U.S. 1116, 93 S. Ct. 903, 34 L. Ed. 2d 699 (1973);

see *Board of Trustees* v. *Freedom of Information Commission,* supra, 551–52; *Anderson* v. *Ludgin,* 175 Conn. 545, 555, 400 A.2d 712 (1978); *Clark* v. *Town Council,* 145 Conn. 476, 485, 144 A.2d 327 (1958); *Downer* v. *Liquor Control Commission,* 134 Conn. 555, 561, 59 A.2d 290 (1948).

Consequently, reviewing courts should not hamper these legitimate activities by substituting their judgments for those of the agencies concerned; nor should they indulge "in a microscopic search for technical infirmities." *Silver Lane Pickle Co.* v. *Zoning Board of Appeals,* 143 Conn. 316, 319, 122 A.2d 218 (1956); *McCrann* v. *Town Plan & Zoning Commission,* 161 Conn. 65, 71, 282 A.2d 900 (1971). As recently articulated by the Connecticut Supreme Court: "It is axiomatic that the trial court may not substitute its judgment for that of the agency." *Cos Cob Volunteer Fire Co. No. 1, Inc.* v. *Freedom of Information Commission,* 212 Conn. 100, 105, 561 A.2d 429 (1989). It should be further noted that the plaintiff, as the party bringing this administrative appeal, has the burden of proof in challenging the commission's decision. *Lovejoy* v. *Water Resources Commission,* 165 Conn. 224, 230, 332 A.2d 108 (1973). The question to be answered by a reviewing court is not whether the reviewing court would have reached the same conclusion, but whether the record before the commission supports the action taken. *Hospital of St. Raphael* v. *Commission on Hospitals & Health Care,* 182 Conn. 314, 318, 438 A.2d 103 (1980).

The plaintiff, in his well reasoned brief, argues by analogy to cases dealing with documents contained in court files. At oral argument the plaintiff acknowledged that the contents of the official tape recording of the trial are available to him by the purchase of a transcript from the official court monitor. He claims, however,

that such a procedure interposes a hurdle that interferes with his right of access under the Freedom of Information Act.

The defendant clerk, in his brief, points out that official court reporters and assistant court reporters are appointed by the judges of the Superior Court pursuant to General Statutes § 51-60 (a). Similarly, court monitors are employed by the judicial branch pursuant to General Statutes § 51-74 (a). These judicial officers are sworn to the faithful performance of their duties. See General Statutes § 51-61 (a) and (b). The records of state court proceedings, whether consisting of stenographic notes or sound recordings, are "official notes" of the proceeding pursuant to § 51-74 (c) of the General Statutes, are filed with the clerk of the court under General Statutes § 51-61 (h) and become part of the official record of evidence or judicial proceedings. General Statutes § 51-36 (b).

The commission's dismissal turns on its interpretation that the tape recording in question is a "nonadministrative" function of a judicial official. The plaintiff argues, citing *Connecticut Bar Examining Committee* v. *Freedom of Information Commission,* 209 Conn. 204, 550 A.2d 633 (1988), that some aspects of the adjudicative process, such as the preservation of records, should be classified as administrative. That case, however, is not applicable because it does not involve a party's right to the use of the official court monitor's original tape recording.

The commission, in its brief, argues that the tape recordings of court proceedings are involved in the adjudication of cases and not in the management of the internal institutional machinery of the court system, and, therefore, are appropriately determined to be "nonadministrative." The commission points out that this is not a case about whether a record is disclos-

able, depending on whether it is a tape recording or a transcript, since under the logic of the commission's decision in this case a denial by a court official of a request for a transcript would be treated the same way. In neither case does the commission, it is argued, have jurisdiction over the court's control of its adjudicative records. Nor, the commission points out, is this a case about whether the plaintiff may have access to the tape recordings he seeks through procedures other than resort to the commission. Instead, the commission argues in its brief that this is a case limited solely to whether the commission correctly concluded that it had no jurisdiction to decide the plaintiff's complaint.

The court will give great weight to the administrative interpretation of the agency and the application of the law. *Anderson* v. *Ludgin,* supra, 175 Conn. 555. We have stated that "[t]he practical interpretation of legislative acts by governmental agencies responsible for their administration is a recognized aid to statutory construction." *State ex rel. James* v. *Rapport,* 136 Conn. 177, 182–83, 69 A.2d 645 (1949). Indeed, it has been said that "where the governmental agency's time-tested interpretation is 'reasonable' it should be accorded 'great weight' by the courts. *Investment Company Institute* v. *Camp,* 401 U.S. 617, 626–27, 91 S. Ct. 1091, 28 L. Ed. 2d 367 [1971]." *New Haven* v. *United Illuminating Co.,* 168 Conn. 478, 493, 362 A.2d 785 (1975).

The court finds the commission's interpretation to be practical and reasonable and to support a policy that is consistent with the preservation of the official records of the Superior Court.

The plaintiff's appeal is dismissed.