[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION: MOTION TO DISMISS
Facts
On April 8, 1993 Bristol-Meyers Squibb filed an application for a special permit and sight plan approval to construct a helipad on premises located at 5 Research Parkway, Wallingford, Connecticut. The Planning and Zoning Commission granted the application on June 14, 1993 and duly published notice of the granting on June 19, 1993. The plaintiff claims to own land within 500 feet of the property of the applicant, Bristol-Meyers Squibb. The plaintiff claims that the Planning and Zoning Commission acted illegally, arbitrarily and in abuse of its discretion in numerous specifics set forth in its appeal. It's appeal was dated June 22, 1993.
Form of Service
The plaintiff used a standard Connecticut summons form JD-CV1 as well as a citation in the form more normally seen in zoning appeals. It is probably unnecessary to use a JD-CV1 in instituting an appeal from a planning and zoning commission. There is no substantial difference in the defendants named by the plaintiff CT Page 8241-M in the instant case on the JD-CV1 and the defendants name in the citation attached to the appeal.
The court is not called upon to decide what the effect would be if the defendant were properly named in the JD-CV1 but improperly named or omitted from the citation. In the instant case the citation and the JD-CV1 named the same defendants.
The citation is directed to a proper officer and commands him to:
 "Summon James Fitzsimmons, Chairman of the Planning and Zoning Commission of the Town of Wallingford, at 50 Parkview Road, Wallingford, Connecticut, and Alfred J. Namnoum, Jr., Secretary of the Planning and Zoning Commission, at 59 Green Street, Wallingford, Connecticut, and Kathryn J. Wall, Town Clerk of the Town of Wallingford, at the town hall, 45 South Main Street, Wallingford, Connecticut, and Bristol-Meyers Squibb, by service upon Bernard E. Blessinger, Senior Director Facility Administration, 5 Research Parkway, Wallingford, Connecticut, to appear before the superior court. . . ."
Discussion
The plaintiff has cited the chairman and secretary of the Planning and Zoning Commission, served the town clerk, and cited the successful applicant Bristol-Meyers Squibb Company. The plaintiff has named neither the Town of Wallingford nor the Wallingford Planning and Zoning Commission as a defendant in the action.
Within the body of the appeal the plaintiff refers to "The Planning and Zoning Commission" and the action of the "Planning and Zoning Commission of the Town of Wallingford."
Both our Supreme Court and our Appellate Court have held that in order for an appeal to be valid it must contain a proper citation. Shapiro v. Carothers, 23 Conn. App. 188, 190 (1990); Sheehan v. Zoning Commission, 173 Conn. 408, 412 (1977).
The requirement of strict an technical compliance in the bringing of administrative appeals has been recognized by our Supreme Court. Charles Holdings, Ltd. v. Planning and Zoning Board of Appeals, 208 Conn. 476, 479; Bridgeport Bowl-O-Rama CT Page 8241-N Inc. v. Zoning Board of Appeals, 195 Conn. 276, 283
(1985); Raines v. Freedom of Information Commission,221 Conn. 482, 489-490 (1992). The statutory requirements are jurisdictional and if a party fails to abide by them the appeal is subject to dismissal. Donis v. Board of Examiners in Podiatry, 207 Conn. 674,683 (1988).
The courts in Connecticut have consistently held that a failure to name a necessary party in the citation of an administrative appeal is a jurisdictional defect that renders the appeal subject to dismissal. Southern New England Telephone Company v. Board of Tax Review, 31 Conn. App. 155 (1993). In Southern New England the plaintiff named the "Board of Tax Review Town of Bloomfield" as the defendant rather than the town itself. The court held "the failure to include the name of the necessary party as a defendant in the citation is a jurisdictional defect that renders the appeal subject to dismissal." Southern New England Telephone Company at 160. This is true even when the unnamed party was in fact served and otherwise received copies of the applicable papers. Simko v. Zoning Board of Appeals, 205 Conn. 413,419-420 (1987).
The plaintiff's only salvation would appear to lie in the possibility that the addition of Subsections (p) and (q) to Section 8-8, following the confusion generated by the Simko decision, in some manner saves the plaintiff's appeal. Section 8-8(p) specifically provides that the right of appeals shall be liberally interpreted in cases where strict adherence would work a surprise or injustice. Section 8-8(q), while providing for the nonapplicability of 52-592, allows amendments under certain circumstances to correct insufficient service and certain other defects.
Shapiro v. Carothers, 28 Conn. App. 188 was decided after the amendments to Section 8-8 which were accomplished byPublic Acts 88-79 and 89-356. Shapiro was a wetlands appeal pursuant to 4-183 and not a zoning appeal. Nevertheless it is instructive that when a necessary party, who had intervened pursuant to 22a-19, was not named in the citation the appeal was dismissed. The court specifically held that the a appeal could not be cured by amendment. Shapiro at 191 footnote 3.
Even more directly in point is Judge Fuller's decision in Duggan v. Derby Board of Appeals, 2 Conn. L. Rptr. 565 (1990). In Duggan proper parties were named and cited but there were technical defects in the required bond which did not comply in all CT Page 8241-O respects with Section 8-8(h). Judge Fuller relied on 8-8(p) to liberally interpret the statute and save the appeal. However, the Duggan decision held "that if these statutes do not apply to salvage an appeal for the type of defect here, namely where a bond was filed but its content is defective and the defect does not go to subject matter jurisdiction, it is difficult to see when these provisions would apply." Duggan at 566. [Emphasis Supplied]. Judge Fuller appears to have read 8-8(p) and by implication 8-8(q) as applying only to non-jurisdictional defects. It would appear that while the purpose of 8-8(p) is to avoid dismissing land use appeals on procedural technicalities, its scope is not so broad as to include jurisdictional defects.
Our courts have consistently dismissed appeals when the underlying defect goes to subject matter jurisdiction. Thus an appeal was dismissed for failure to appeal within the statutory time. Bridgeport Bowl-O-Rama, supra, at 281, 283; Norwich Land Company v. Public Utilities Commission, 170 Conn. 1, 6, 7; Rogers v. Commission on Human Rights Opportunities,195 Conn. 543, 550.
The court holds that notwithstanding legislative attempts to ameliorate the perhaps harsh holding of the first Simko opinion, administrative appeals still demand regularity when irregularity affects jurisdiction. The failure to name the commission in the citation is the failure to name an essential party and it is a fatal defect which warrants dismissal.
Accordingly, the motion to dismiss is granted.
Booth, Judge.