[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTIONS TO DISMISS IN ALL CASES
The plaintiffs in all of the above ten cases, owners of land in the Town of Stonington, appealed from an assessment of benefits levied pursuant to General Statutes 7-249 by the defendant Town of Stonington Water Pollution Control Authority (WPCA) for the construction of a sewage system. On April 30, 1993, WPCA, pursuant to General Statutes 7-250, filed assessments for such benefits in the office of the Town Clerk of Stonington and caused copies of the assessments to be published in The Sun, a newspaper published in Westerly, Rhode Island.[1]
On May 24, 1993, the plaintiffs' appeals were filed in the office of the clerk of this court. WPCA now moves to dismiss the plaintiffs' appeals for lack of subject matter jurisdiction because the appeals[2] were not timely filed.
A motion to dismiss is the appropriate vehicle for CT Page 10105 challenging the jurisdiction of the court. Practice Book 143; Zizka v. Water Pollution Control Authority, 195 Conn. 682, 687
(1985). "Where a decision as to whether a court has subject matter jurisdiction is required, every presumption favoring jurisdiction should be indulged." (Internal quotation marks omitted.) Killingly v. Connecticut Siting Council, 220 Conn. 516,522 (1991). Once a question of lack of jurisdiction is raised, it must be disposed of no matter in what form it is presented. Cross v. Hudson, 27 Conn. App. 729, 732 (1992).
"Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." Ambroise v. William Raveis Real Estate, Inc., 226 Conn. 757, 764-65 (1993). Time limitations on the right to appeal that are contained in statutes, rather than in Practice Book provisions, are subject matter jurisdictional. Id. 763. The rationale behind this theory is that where subject matter jurisdiction is created by statute, the court has no power to enlarge or circumscribe it. Id.
Service of the appeals were made on the proper defendant on May 19, 1993. On May 24, 1993, the appeals and the service of process with the sheriff's returns were filed in the office of the court clerk. WPCA essentially argues that because the appeals were not both served on the defendant and filed in the court clerk's office within twenty-one days of the filing of the assessments, the appeals fail to comply with the requirements of General Statutes 7-250, and thus deprive the court of subject matter jurisdiction. The plaintiffs argue that so long as service of the appeals was made within the twenty-one day period after the date of filing of the assessments, General Statutes 7-250 was complied with and therefore this court has jurisdiction.
General Statutes 7-250 allows those persons aggrieved by the WPCA's assessment to appeal to the Superior Court. General Statutes 7-250 provides, in pertinent part:
 When the water pollution control authority has determined the amount of the assessment to be levied, it shall file a copy thereof in the office of the clerk of the municipality. . .any appeals from such assessment must be taken within twenty-one CT Page 10106 days after such filing. Any person aggrieved by an assessment may appeal to the superior court for the judicial district wherein the property is located and shall bring any such appeal to a return day of said court not less than twelve nor more than thirty days after service thereof. . . (Emphasis added.)
There is no right to bring an administrative appeal to the courts except as expressly allowed by statute. Charles Holdings, Ltd. v. Planning and Zoning Commission, 208 Conn. 476,479 (1988). A statutory right to appeal may be pursued only by a strict compliance with the provisions of the statute by which that right was created. Basilicato v. Department of Public Utility Control, 197 Conn. 320, 322 (1988); Bridgeport Bowl-O-Rama, Inc v. Zoning Board of Appeals, 195 Conn. 276, 283 (1985). Such provisions are mandatory, and, if not complied with, the appeal is subject to dismissal. Raines v. Freedom of Information Commission, 221 Conn. 482, 490 (1992); Miller v. Conservation Commission, 27 Conn. App. 590, 595 (1992). Taking into account "the established principle that every presumption is to be indulged in favor of jurisdiction;" Tolly v. Department of Human Resources, 225 Conn. 13, 29 (1993); the courts require a clear and strong showing of a legislative intent to create a time limitation that, in the event of noncompliance, acts as a subject matter jurisdictional bar. Ambroise v. William Raveis Real Estate, Inc., supra, 765. The issue before the court is whether an appeal is "taken" within the meaning of the statute when service is made upon the agency or only when the appeal is filed in the court clerk's office.
Unless there is a provision to the contrary, the general rule is that administrative appeals are governed by rules which apply to civil actions. Park City Hospital v. Commission on Hospitals and Health Care, 14 Conn. App. 413, 423
(1988), aff'd 210 Conn. 697 (1989). General Statutes 52-48(b) requires all process in civil actions to be returnable no later than two months after the date of the process. Haylett v. Commission on Human Rights and Opportunities, 207 Conn. 547, 548
(1988). The date of the process is the date of the citation. Id. 554-55. General Statutes 7-250, however, provides that the appellant "shall bring any such appeal to a return day of said court not less than twelve nor more than thirty days after the service thereof. . . ." "`. . .[it] is not the province of a court CT Page 10107 to supply what the legislature chose to omit.'" Glastonbury Co. v. Gillies, 209 Conn. 175, 181 (1988). It is evident that if the legislature had intended to require the appeal to be both served and filed within twenty-one days of the filing of the assessment with the town clerk, it could have expressly provided so. See, e.g., Rogers v. Commission on Human Rights and Opportunities, 195 Conn. 543 (1985); Miller v. Conservation Commission, supra, (state agency administrative appeals brought pursuant to the Uniform Administrative Procedures Act, General Statutes 4-183(c), require that both service on the agency and a filing of the appeal in the court occur within forty-five days of the agency's decision).
Connecticut courts have uniformly held that an action is commenced on the date of service of the writ upon the defendant. Fee v. Carothers, 23 Conn. App. 435, 436 (1990); McGaffin v. Roberts, 193 Conn. 393, 401 n. 9 (1984). In Vecchio v. Sewer Authority 176 Conn. 497 (1979), a case heavily relied upon by the defendant, our Supreme Court considered an appeal from the court of common pleas where the court sustained the defendant's plea in abatement and rendered judgment dismissing the appeal for lack of jurisdiction. The plaintiffs had appealed to the court of common pleas from a sewer assessment levied on their property by the defendant sewer authority of the Town of Branford. The defendant pleaded in abatement alleging that the court was without jurisdiction to entertain the appeal because it had not been filed within twenty-one days of the filing of the assessments as prescribed by General Statutes7-250. In that case, the appeal was dismissed because the assessment was filed with the town clerk on December 23, 1974 and the service of the process was not made on February 26, 1975, more than twenty-one days thereafter. (Emphasis added.) Vecchio, supra, 684, Connecticut Supreme Court Records and Briefs, Part 4, No. 6, at 32-33.
Vecchio, however, does not help the defendant because it is inapposite to the issue here. So also is Vaill v. Sewer Commission, 168 Conn. 514 (1975), also relied on by the defendant. In both Vecchio and Vaill, service of process was made after the twenty-one day period had elapsed.
Indeed, the following language used by the Vecchio court appears to equate the filing of an appeal (from a sewer assessment) with the commencement of the action by service of process and is contrary to the defendant's position. CT Page 10108
 "Thereupon, the plaintiffs immediately commenced the present action challenging the assessment and claiming damages. Since the plaintiffs' appeal from the assessment was not taken within twenty-one days after the filing as required by 7-250 of the General Statutes, the trial court sustained the defendant's plea in abatement and dismissed the plaintiffs' action." Id., 499-500 (emphasis added).
The precise issue presented by this case comes down to one of statutory construction, that is, whether the legislative intent, as expressed in 7-250, requires one appealing from a sewer assessment to both serve and file the process in the office of the court clerk within the twenty-one day limitation.
 "We approach this question according to well-established principles of statutory construction designed to further our fundamental objective of ascertaining and giving effect to the apparent intent of the legislature. In seeking to discern that intent, we look to the words of the statute itself, the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter."
Ambrosio v. William Raveis Real Estate, Inc., 226 Conn. 757, 764
(1993). (Internal citation omitted.)
Moreover, "`[i]n construing a statute, common sense must be used, and courts will assume that the legislature intended to accomplish a reasonable and rational result.'" King v. Board of Education, 203 Conn. 324, 332-333 (1987), quoting Stoni v. Wasicki, 179 Conn. 372, 376-77 (1979).
It is also a cardinal rule of construction that all of the words in the statute be given meaning. "A statute must be read as a whole;. . .with a view toward reconciling its separate CT Page 10109 parts in order to render a reasonable overall interpretation." Ford Motor Credit Co. v. B. W. Beardsley, Inc., 208 Conn. 13, 18
(1988). (Internal quotation marks and citations omitted.)
General Statutes 7-250 was first enacted in 1931 and provided for a fifteen-day time limitation in which to bring an appeal, ". . .to the next return date of said court, or the next but one. . . ." General Statutes 1931, Ch. 33a, 133c. The statute was amended to lengthen the time limitation from fifteen to twenty-one days. General Statutes 1949, Supp. 639. It was again amended in 1971 to advance the return day to ". . .not less than twelve nor more than thirty days after service [of such appeal]. . . ." 1971 Connecticut Public Acts No. 179, 1. Unfortunately, the legislative history surrounding the 1931 act is nonexistent, and in 1971, the entire proceedings before the legislature on the amendment are scant and state as follows in relevant part: Senator Dowd: Mr. President: "I move adoption. . . .This bill requires that appeals be returned between 12 and 30 days after service of writ. Appeals must be filed within 15 days after decision." 14 Sen. Proc., Pt. 4, 1971 Sess., p. 1513.[3]
Our Supreme Court has stated when discussing a similar statute in the context of an appeal from a decision of a planning commission, that ". . .[A] statute such as 8-28 fixing a rather brief time within which an appeal may be taken to the courts is designed not only to afford protection to an aggrieved person but also to secure, in the public interest, a speedy determination of the issues involved." Hubbard v. Planning Commission, 151 Conn. 269, 272 (1963). This court sees no reason why that scenario should not apply in the case of an appeal from a sewer assessment, as here.
General Statutes 7-250 provides that an appellant may ". . .bring such appeal to a return day of said court not less than twelve nor more than thirty days after service [of the appeal process]. . . ." General Statutes 52-46a provides, however, that process must be filed in the court clerk's office at least six days before the return day. Thus, 7-250, when read together with 52-46a, as it must, would admit of at least two constructions.
The first, as WPCA contends, would require the appellant to both serve and file process no later than the twenty-first day after the filing date of the assessment, yet CT Page 10110 allows the designation of a return date up to thirty days later. The second construction would provide for service of process within the twenty-one day limitation and require filing of the appeal in the court clerk's office at least six days before the return date selected, which could be up to twenty-four days after the twenty-one-day limitation. The first alternative could result in the impossibility of making service and return to court, if a plaintiff were to wait until the twenty-first day to bring the appeal, thereby defacto shortening the twenty-one day limitation and render 52-46a nugatory. The latter would allow the sheriff to make service, prepare his return of service and copies thereof, return them to appellant's counsel to review the sheriff's return of service, and allow counsel reasonable time to file them in the clerk's office.
The court concludes that the second is the more reasonable construction and allows both parts of 7-250 to be harmonized with each other and with 52-46a. In construing a statute, ". . .courts must assume a reasonable and rational result was intended." Kron v. Thelen, 178 Conn. 189, 192 (1979); and, ". . .that the legislature seeks to create a harmonious and consistent body of law." Wilcox v. Willard Shopping Center Associates, 208 Conn. 318, 324 (1988).
The court finds support for this conclusion in the statute itself and in other statutes relating to appeals from administrative agencies. For example, General Statutes 8-8(b) provides with respect to appeals from zoning commissions, planning commissions and other agencies regulating land use, in part, that: "The appeal shall be commenced[4] by service of process in accordance with subsections (c) and (f) of this section within fifteen days of the date [of] notice of the decision. . ." The appeal shall be returned to court in the same manner and within the same period of time as prescribed for civil actions brought to that court."[5]
General Statutes 7-250 provides that appeals ". . .must be taken within twenty-one days. . ." The word "taken" has a great number and many shades of meanings and the precise meaning of "taken" must depend on the subject and circumstances with respect to which it is used. Webster's New World Dictionary, College Ed., 1985. The court recognizes that the word `taking' has been used interchangeably with `filing', despite procedural differences in appeals from administrative agencies and appeals from lower courts. See, for example, Vecchio, supra, 498, 499, CT Page 10111 500, 501, 505. See also Practice Book 4001, 4004 and 4009; Paranteau v. DeVita, 208 Conn. 515 (1988).
The rule in civil cases, see Fee v. Carothers, supra; McGaffin v. Roberts, supra, that an action is commenced by the service of process is the same in administrative appeals. And in a case involving an appeal from a planning commission, the court held, in the context of whether an appeal was timely brought: "The plaintiff's appeal. . .was served on the fifteenth day and was therefore taken within the time prescribed by the statute." Hubbard v. Planning Commission, 151 Conn. 269, 273
(1963) (emphasis added).
The legislature is presumed "`to know the existing state of the case law in those areas in which it is legislating, to be cognizant of judicial decisions relevant to the subject matter of a statute, and to know the state of existing relevant law when it enacts a statute.'" State v. Dabkowski, 199 Conn. 193,201 (1986) (internal citations omitted).
The court concludes that the legislature's intent in was to require that the appeal be commenced within twenty-one days by the service of process, and that return of process not less than twelve or more than thirty days thereafter be made in accord with other relevant statutes.
"Our practice does not favor the termination of proceedings without a determination of the merits of the controversy where that can be brought about with due regard to necessary rules of procedure." Killingly v. Wells, 18 Conn. App. 508,515, cert. denied. 212 Conn. 807 (1989).
For the reasons set forth, the court holds that the plaintiffs' appeals were timely and therefore WPCA's motions to dismiss are denied in all cases.
Teller, J.