ROBERT FROMER *v.* FREEDOM OF INFORMATION
COMMISSION ET AL.
(12763)

O'CONNELL, FOTI and SPEAR, Js.

Argued September 30—decision released November 8, 1994

*Robert Fromer,* pro se, the appellant (plaintiff).

*Victor A. Perpetua,* commission counsel, with whom, on the brief, was *Mitchell W. Pearlman,* general counsel, for the appellee (named defendant).

*Martin R. Libbin,* for the appellee (defendant Jeffrey Feldman).

PER CURIAM. The plaintiff appeals from the trial court's judgment dismissing his administrative appeal from the decision of the defendant freedom of information commission. General Statutes §§ 1-21i (d) and 4-183.[1]

---

[1] General Statutes § 1-21i (d) provides in pertinent part: "Any party aggrieved by the decision of said commission may appeal therefrom, in accordance with the provisions of section 4-183. . . . The commission shall have standing to defend, prosecute or otherwise participate in any appeal of any of its decisions and to take an appeal from any judicial decision overturning or modifying a decision of the commission. . . ."

General Statutes § 4-183 (a) provides: "A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the superior court as provided in this section. The filing of a petition for reconsideration is not a prerequisite to the filing of such an appeal."

The plaintiff claims that the trial court (1) improperly determined that a court monitor's tape recording of a trial is not subject to the public disclosure requirements of the Freedom of Information Act and (2) improperly determined that the denial of access to such a tape recording is a constitutional violation of the first amendment to the United States constitution.

The plaintiff also claims that the trial court improperly failed to rule on the jurisdiction of an administrative agency to decide constitutional issues. This issue was not briefed. "Assignments of error which are merely mentioned but not briefed beyond a statement of the claim will be deemed abandoned and will not be reviewed by this court." (Internal quotation marks omitted.) *Fitzgerald* v. *Fitzgerald,* 16 Conn. App. 548, 554, 547 A.2d 1387, cert. denied, 210 Conn. 802, 553 A.2d 615 (1988). We affirm the judgment of the trial court.

The facts are not in dispute. The plaintiff here was also the plaintiff in a prior case, *Fromer* v. *Boyer-Napert Partnership,* Superior Court, judicial district of New London, Docket No. CV89-0509836 (November 19, 1990), aff'd, 26 Conn. App. 185, 599 A.2d 398 (1991). The August 31, 1990 proceedings in that case were recorded on tape by a court monitor. On August 1, 1991, the plaintiff filed a written request with the defendant Jeffrey Feldman, chief clerk of the judicial district of New London, to hear the tape recording. The plaintiff did not seek to remove the tape from the court but was willing to listen to it within the confines of the court facility. The clerk denied the request on August 13, 1991, and the plaintiff appealed to the freedom of information commission on September 5, 1991. The commission dismissed the appeal on August 26, 1992, by notice of its final decision.[2] The defendants on appeal to this court are the

---

[2] The commission reached the following facts and conclusions of law: "1. By letter of complaint filed September 5, 1991, the complainant appealed

commission and Feldman.

We are persuaded by our examination of the record, briefs and arguments of the parties that the judgment of the trial court should be affirmed. In a thoughtful, detailed and comprehensive memorandum of decision, the trial court, *Leuba, J.*, analyzed the law in a manner consistent with our statutes and case precedents. *Fromer* v. *Freedom of Information Commission*, 43 Conn. Sup. 246, 649 A.2d 542 (1994). Because that memorandum addresses the arguments raised in this appeal, we adopt the trial court's well reasoned deci-

to the Commission, alleging that his request to hear a tape recording in the custody of the Clerk of the Superior Court had been denied.

"2. It is found that the complainant by letter dated August 1, 1991, requested from the Chief Clerk of the Superior Court for the Judicial District of New London an opportunity to hear the tape recording of an August 31, 1990 hearing before Judge Burns in G.A. 10 to which he was a party.

"3. It is found that the Chief Clerk denied the request by letter dated August 13, 1991.

"4. In relevant part, [General Statutes] § 1-18a (a) defines public agency as 'any judicial office, official or body or committee thereof but only in respect to its or their administrative functions.'

"5. Chapter 873 of the General Statutes provides that court clerks are officials of the superior court.

"6. The Commission takes administrative notice of the fact that tape recordings of court proceedings are made principally for the purpose of creating transcripts, and that transcripts are created and maintained principally to ensure a fair and just trial, to provide a full record for appellate review, and for use in collateral proceedings.

"7. It is therefore concluded that a tape recording of a court proceeding is a matter involving in the adjudication of cases.

"8. It is additionally concluded that the requested hearing tape is a record of a judicial official performing a nonadministrative function, and is not subject to the disclosure provisions of §§ 1-15 and 1-19, G.S.

"9. The complainant also maintains that the denial of access to the tape denies his right of access to judicial proceedings and records as guaranteed by the First Amendment, pursuant to *Globe Newspaper Co.* v. *Pokaski*, [868 F.2d 497 (1st Cir. 1989)].

"10. It is concluded, however, that the Commission lacks jurisdiction to decide the complainant's constitutional claim."

sion as a statement of the applicable law on these issues. It would serve no useful purpose for us to repeat the discussion contained therein. See *Daw's Critical Care Registry, Inc.* v. *Dept. of Labor,* 225 Conn. 99, 101–102, 622 A.2d 518 (1993); *Bank of Boston Connecticut* v. *Brewster,* 32 Conn. App. 215, 217, 628 A.2d 990 (1993).

The judgment is affirmed.