[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff appeals from the May 4, 1998 decision of the Employee Review Board ("ERB"), which dismissed his complaints relating to a bonus payment and his termination from his position as a Workers Compensation Program Coordinator.
The plaintiff had achieved a permanent appointment as Workers Compensation Program Coordinator.[1] Such job classification was a single person classification. No other state employee performed such services.
The plaintiff was notified on September 207 1996 by the state that his position would be eliminated effective November 1, 1996. The positions of employment of the plaintiff and thirty other persons were being eliminated as part of a round of layoffs.
The plaintiff filed a grievance with the ERB contesting his layoff and an earlier decision to give him a $750 rather than $1,500 bonus. The ERB after an extensive hearing and briefs dismissed the grievance on legal and factual grounds.
This appeal was commenced on June 16, 1998. The record was filed on August 14, 1998. Briefs were filed by the plaintiff on September 15, 1998 and the defendants on October 9, 1998. The parties were heard in oral argument on January 13, 1999.
The plaintiff has a statutory right to appeal his layoff pursuant to General Statutes § 5-202 (a). He lost his position of employment; although he was re-employed by the state, he has suffered substantial economic losses. The plaintiff is aggrieved for purposes of the Uniform Administrative Procedure Act (UAPA) §§ 4-166 et seq. and 4-183. See also General Statutes § 5-202 (1).
The plaintiff claims a violation of the provisions of General Statutes §§ 5-194, 5-195, 5-202 and 5-241. These claims essentially amount to equitable appeals that the layoff of an CT Page 1345 employee who is satisfactorily performing his employment violates the basic merit system of state employment. The plaintiff, however, cites no authority for the proposition that the state was not empowered to eliminate the plaintiff's position of employment.
Section 5-194 of the General Statutes though referencing a "uniform and equitable system of personnel administration" specifically cites "layoff" as an employment practice of the state. General Statutes § 5-195 establishes the merit principle of state employment with respect to "[a]ll appointments and promotions." It does not in anyway mention layoffs or preclude such action by the state. General Statutes § 5-202
provides for appeals to the ERB in accordance with the terms of the act.
General Statutes § 5-241 implicitly authorizes layoffs of state employees. It merely establishes a seniority system for such layoffs. Seniority in not at issue here, where the plaintiff was the only employee in the classification.
The retained right to layoff employees is unaffected by the state decision to hire outside consultants to perform tasks formerly done by the plaintiff. The plaintiff cites no authority which prohibits such a management decision. There is nothing implicit in the merit system generally or layoff statute particularly which would restrict such decision. Section 5-241 of the General Statutes specifically provides for layoffs, only imposing the seniority system of layoff by classification. See also General tatutes § 5-241 (b) (setting forth the notice requirement in layoff of state employees).
The court's "review of an agency's factual determination is constrained by General Statutes § 4-183 (j), which mandates that a court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . (5) clearly erroneous in view of the reliable, probate, and substantial evidence on the whole record. . . . This limited standard of review dictates that, with regard to questions of fact, it is neither the function of the trial court . . . to retry the case or to substitute its judgment for that of the administrative agency. . . . An agency's factual CT Page 1346 determination must be reasonably supported by substitute evidence exists if the administrative record taken as a whole. . . . . Substantial evidence exists if the administrative record affords a substantial basis of fact from which the fact in issue can be reasonably inferred. . . . This substantial evidence standard is highly deferential and permits less judicial scrutiny than a clearly erroneous or weight of the evidence standard of review . . . . The burden is on the plaintiffs to demonstrate that the [agency's] factual conclusions were not supported by the weight of substantial evidence on the whole record. . . ." (Brackets omitted; citations omitted; internal quotation marks omitted.)New England Cable Television Association v. Department of PublicUtility Control, 247 Conn. 95, 117 (1998).
The application of the substantial evidence rule results in the dismissal of his claims of discrimination and cause related termination. The undisputed evidence that the plaintiff's position was eliminated as part of a statewide round of layoffs establish that the plaintiff's job elimination was a layoff controlled by General Statutes § 5-241. Similarly, the evidence of the layoff totally rebutted the unsubstantiated claim of discrimination. Substantial evidence relating to the bonus payments also effectively counters the claim respecting the amount of bonus. Deputy Commission Mazzola testified of the greater value of Donnelly's service. This was certainly substantial evidence.
The plaintiff alleges procedural failings by the ERB procedure in failing to compel the Commissioner of the Department of Administrative Services to testify at this hearing. The plaintiff fails to demonstrate how the Commissioner's testimony was material concerning a layoff which was in effect dictated by staffing reductions mandated by the Office of Policy and Management. Deputy Commissioner Mazzola testified for the Department and the process by which the plaintiff's position was selected for elimination. A procedural error must result in prejudice to a substantial right to overturn an administrative decision under the UAPA. See General Statutes § 4-183 (g);Fromer v. Boyer-Napert Partnership, 42 Conn. Sup. 57, affirmed,26 Conn. App. 185 (1990).
The plaintiff's claim that this layoff was prohibited by § 31-40 is not supported by the language of the statute or the record which is devoid of any evidence of employee injury or illness incident. Section 31-40v of the General Statutes CT Page 1347 requires safety and health committees for employers whose employees experience above coverage work related injury and illness. The statute is silent as to any obligation to employ a "Workers Compensation Program Manager." There is no evidence that state employees or any group thereof suffer above average work related injury and illness.
The plaintiff was a valuable, accomplished stable employee as further evidenced by his continued state employment. The law, however, does not prohibit the state from laying off valuable employees as long as it is done in accordance with seniority by classification.
The appeal is dismissed and the decision of the ERB is affirmed.
___________________________ Robert F. McWeeny, J.