MELVIN DANIELS *v.* NEW HAVEN
POLICE DEPARTMENT ET AL.
(2121)

DUPONT, C.P.J., HULL and BORDEN, Js.

Argued November 6, 1984—decision released January 1, 1985

*Francis X. Dineen,* with whom, on the brief, was *Deborah Morgan,* for the appellant (plaintiff).

*Jane S. Scholl,* assistant attorney general, with whom, on the brief, were *Joseph I. Lieberman,* attorney general, *Bernard F. McGovern, Jr.,* and *Richard J. Lynch,* assistant attorneys general, for the appellee (defendant commission on human rights and opportunities).

BORDEN, J. Because of the unique way in which this administrative appeal was filed in the trial court and because of the confused state of the record, we are constrained to rely on representations in the parties' briefs, and at oral argument in this court, to reconstruct its procedural history.

The plaintiff filed a complaint with the defendant, the state commission on human rights and opportunities, alleging employment discrimination against him by the New Haven police department and Council 15, New Haven Police Department Union, Local 530. The commission dismissed the complaint on May 27, 1982. The plaintiff filed an application to reconsider, which the commission denied on February 24, 1983.

On March 25, 1983, the plaintiff filed with the Superior Court a document entitled "Motion to Appeal from Administrative Decision," accompanied by a lengthy "Memo in support of Motion to Appeal from Administrative Decision."[1] The document contained no citation or return date. It did contain the following legend,

---

[1] We note that the attorney presenting the plaintiff's oral argument in this court is not the same attorney who filed this document in the trial court and who submitted the plaintiff's brief in this court.

signed by the plaintiff's attorney: "I certify that copies have been given to all counsel." In fact, however, a copy was sent, by certified mail, only to the office of the attorney general, counsel for the commission. No copies were sent to or served on the police department or the union which, to this day, are unaware of this case.[2]

On April 14, 1983, the attorney general filed his appearance for the commission. On April 18, 1983, the case appeared on the short calendar, but it does not appear that the attorney general had received notice of the short calendar session. Before the court at this session was the plaintiff's "Motion to Appeal from Administrative Decision." The plaintiff requested that the court take the case on the papers. The court did so and, sua sponte, rendered judgment dismissing the case.[3] Thereafter, in response to the commission's motion for rectification for appeal, the court articulated the bases of its judgment to be, inter alia, that a petition had not been served on the parties, that the form of the appeal was improper, and that there was no evidence of service of the appeal or return of it to court. The plaintiff appealed.[4]

We adopt the reasoning of the Appellate Session of the Superior Court that an administrative appeal under General Statutes § 4-183 requires a proper citation, and that failure to cite a necessary party to the appeal renders the appeal dismissable for lack of jurisdiction. *Board of Education* v. *State Board of Education,* 38 Conn. Sup. 712, 716–17, 461 A.2d 997 (1983). Here,

---

[2] Although this lack of service does not appear in the record, counsel for the plaintiff, with commendable candor, disclosed this to us at oral argument.

[3] The plaintiff did not claim in his preliminary statement of issues under Practice Book § 3012, or in his brief, any error in the court's dismissal of the case without prior notice to him that it was considering such action. Furthermore, in oral argument in this court his counsel, again with commendable candor, specifically disclaimed reliance on any such claim.

[4] The appeal was originally filed in the Appellate Session of the Superior Court. General Statutes § 51-197a (c).

what the plaintiff purported to present as an appeal to the trial court had no citation, and failed to cite in the police department and the union, both of which were necessary parties.

There is no error.

In this opinion the other judges concurred.