## BOROUGH OF NEWTOWN *v.* DEPARTMENT OF PUBLIC UTILITY CONTROL ET AL.
### (2091)

BORDEN, SPALLONE and DALY, Js.

Argued January 9—decision released March 26, 1985

*Raymond T. Connor,* for the appellant (plaintiff).

*Phyllis E. Lemell,* assistant attorney general, with whom were *Lisa H. Oliveri,* assistant attorney general, and, on the brief, *Joseph I. Lieberman,* attorney general, for the appellee (named defendant).

*Ted D. Backer,* for the appellee (defendant Newtown Water Company).

SPALLONE, J. The plaintiff has appealed[1] from the trial court's dismissal of its administrative appeal from a decision of the defendant department of public utility control (DPUC) granting a rate increase to the defendant Newtown Water Company (company).

The DPUC issued its decision in this case on February 9, 1982, and a supplemental decision, approving a revised schedule of rates filed by the company, on May 19, 1982. In the decision of February 9, 1982, the DPUC named the plaintiff and the division of consumer counsel[2] (DCC) as parties.

In appealing from the DPUC's final decision, the plaintiff served copies of its complaint upon the company and the DPUC within thirty days after the mailing of the notice of that decision, as required by General Statutes (Rev. to 1981) § 4-183 (b).[3] The plaintiff did not cite in or serve a copy of its complaint upon the DCC. Both the company and the DPUC moved to dismiss the appeal because the DCC had not been served.

[1] This appeal, originally filed in the Supreme Court, was transferred to the Appellate Session of the Superior Court, and was thereafter transferred to this court. General Statutes § 51-197a (c).

[2] The DCC is an independent advocate empowered by General Statutes § 16-2a to represent consumer interests in matters affecting Connecticut consumers with respect to public service companies.

[3] General Statutes (Rev. to 1981) § 4-183 (b) provided as follows: "Proceedings for such appeal shall be instituted by filing a petition in superior court for the judicial district of Hartford-New Britain or for the judicial district wherein the aggrieved person resides or if such person is not a resident of this state to the court for the judicial district of Hartford-New Britain within forty-five days after mailing of the notice of the final decision of the agency or, if a rehearing is requested, within forty-five days after the decision thereon. Copies of the petition shall be served upon the agency and all parties of record within thirty days after mailing of such notice or, if a rehearing is requested, thirty days after the decision thereon, except that service upon an agency may be made by mailing a copy of the petition by registered or certified mail, postage prepaid, to the office of the commissioner of the agency or to the office of the attorney general in Hartford."

The plaintiff thereafter amended its complaint to cite in the DCC and served a copy of the complaint on the DCC on August 17, 1983, ninety-one days after the supplemental DPUC decision was rendered.

The company renewed its motion to dismiss, alleging that the plaintiff failed to comply with § 4-183 (b) because it did not serve the DCC within the thirty day period set forth in that statute. The trial court found that the appeal was fatally defective because it did not comply with the service provisions of § 4-183 (b) and granted the motion to dismiss. We find no error.

The plaintiff argues that the DCC's status as a party was not clearly apparent on the face of the trial court record. It contends that in the absence of affidavits setting forth facts outside of the record, the court improperly dismissed the action. The "record" which was before the trial court when the motion to dismiss was argued consisted of each paper filed with the clerk of the Superior Court. Practice Book § 250. The DPUC's decision of February 9, 1982, which designated the DCC as a party, was annexed to the memoranda of law accompanying the original motions to dismiss filed by the company and the DPUC. The decision naming the DCC as a party was thus before the trial court and consequently a part of the record. See *In re Application of Dodd,* 131 Conn. 702, 703, 42 A.2d 36 (1945); Maltbie, Conn. App. Proc. § 314. No facts outside of the record needed to be set forth by affidavit.

The plaintiff also claims that because the DPUC's supplemental decision of May 19, 1982, made no reference to the DCC, the DCC did not have party status. As we have noted, the May 19, 1982 decision served the purpose of setting forth the DPUC's findings as to a revised schedule of rates submitted by the com-

pany. The supplemental decision did not upset the DPUC's original denomination of the DCC as a party.

The plaintiff additionally argues that because the DCC is neither an adverse nor a necessary party, it did not need to be cited as a party. Section 4-183 (b) requires that "all parties of record" be served with a copy of the petition. Section 4-166 (5) defines "party" as "each person or agency named or admitted as a party, or properly seeking and entitled as of right to be admitted as a party." Nothing in that definition supports the argument that a "party" must be either necessary or have an interest which is adverse to others who could be parties to the appeal. Since the DCC was a party to the administrative proceedings, it was a party of record within the scope of § 4-183 (b) and should have been cited as a party defendant.

The right to appeal from the decision of an administrative agency exists only under statutory authority. This right may be taken advantage of only by strict compliance with the statutory provisions by which it is created. *Royce* v. *Freedom of Information Commission,* 177 Conn. 584, 587, 418 A.2d 939 (1979). "The failure to include a party defendant in the citation is not a defect curable by amendment and renders the appeal subject to dismissal for want of jurisdiction." *Board of Education* v. *State Board of Education,* 38 Conn. Sup. 712, 717, 461 A.2d 997 (1983); see *Daniels* v. *New Haven Police Department,* 3 Conn. App. 97, 485 A.2d 579 (1985).

There is no error.

In this opinion the other judges concurred.