## TARA CHAND NANAVATI *v.* DEPARTMENT OF HEALTH SERVICES (4074)

HULL, SPALLONE and BIELUCH, Js.

Argued February 14—decision released March 18, 1986

*John D. Salling,* for the appellant (plaintiff).

*Maite Barainca,* assistant attorney general, with whom were *Richard J. Lynch,* assistant attorney general, and, on the brief, *Joseph I. Lieberman,* attorney general, for the appellee (defendant).

PER CURIAM. The plaintiff appealed to the Superior Court, under General Statutes § 4-183 of the Uniform Administrative Procedure Act (UAPA), from a final decision of the board of veterinary registration and examination. The board moved to dismiss the appeal on the ground that the citation accompanying the plaintiff's petition for appeal named the department of health services as defendant rather than the board, which was the agency whose final decision was being appealed.[1] The trial court granted the motion to dis-

---

[1] The trial court in its memorandum of decision observed: "Connecticut Practice Book § 142 provides that *any defendant* (emphasis provided) may contest the court's jurisdiction. The Board has not been cited as a party defendant. As such, the Board may not bring this motion. However, whenever a lack of jurisdiction appears on the record, the court must consider the question before further action can be taken." This procedural irregularity has not been raised on appeal. For that reason we do not add to the trial court's remarks.

miss concluding that it lacked subject matter jurisdiction because the plaintiff, by not citing the board as defendant, had failed to follow strictly the requirements of § 4-183 for appealing from an agency decision. The plaintiff, thereafter, filed this appeal. We agree with the trial court's decision, and accordingly, we find no error.

General Statutes § 4-183 requires the party who is appealing an agency's decision to include with his petition for appeal a proper citation. *Daniels* v. *New Haven Police Department,* 3 Conn. App. 97, 99, 485 A.2d 579 (1985). "[F]ailure to cite a necessary party to the appeal renders the appeal dismissable for lack of jurisdiction." Id. Neither party contests this interpretation of General Statutes § 4-183. Rather, the dispute focuses on whether it was sufficient for the plaintiff to cite the department of health services rather than the board. The trial court held that the board, not the department of health services, was the "agency" that rendered the decision which was the subject of the appeal and, therefore, that it was the board which the plaintiff was required to cite.

The court was correct in its decision. General Statutes § 4-166 (1) of the UAPA defines "agency" to mean "each state *board,* commission, department or officer . . . authorized by law to make regulations or *to determine contested cases.*" (Emphasis added.) General Statutes § 20-196b, by providing that "[t]he board of veterinary registration and examination shall (1) hear and decide matters concerning suspension or revocation of licensure, (2) adjudicate complaints filed against practitioners licensed under this chapter, and (3) impose sanctions where appropriate," clearly authorizes the board to determine contested cases. Accordingly, the board is an "agency" within the meaning of the UAPA and its appeal provisions.

An examination of General Statutes § 19a-17 confirms the trial court's conclusion that the board, and not the department of health services, was the appropriate party defendant. That statute authorizes the board to take certain disciplinary actions and sanctions against persons it licenses "upon finding the existence of good cause," and gives the same power to the department of health services "with respect to professions under its jurisdiction *which have no board or commission*." (Emphasis added.) Accordingly, it is the board that has the power to discipline the veterinary profession. The board's actions, therefore, are reviewable under the UAPA but the appeal must cite it, and not its supervisory umbrella department.

The board being an agency within the meaning of General Statutes § 4-166 (1), separate from the department of health services, held the disciplinary hearings involved in this case. Because the board was the sole agency that took the action by which the plaintiff claims to be aggrieved, it and not the department of health services, was the proper party defendant.[2]

The right to appeal to the court from an administrative agency decision exists only where authorized by statute and only where the aggrieved party strictly complies with the statutory provision by which the right of appeal is granted. *Newtown* v. *Department of Public Utility Control,* 3 Conn. App. 416, 419, 488 A.2d 1286 (1985). Here, the plaintiff, by not citing the proper defendant, failed to follow the requirements for appealing from the board's decision as outlined in General

[2] For cases in which the hearing tribunal has been held not to have status independent of the parent commission or board and thus was found not to be the appropriate defendant in an administrative appeal, see *Board of Education* v. *Department of Education,* 198 Conn. 445, 503 A.2d 1147 (1985) (a hearing board consisting of an ad hoc hearing officer); *Catholic Family & Community Services* v. *CHRO,* 3 Conn. App. 464, 489 A.2d 408 (1985) (hearing examiner appointed by the chairman of the commission).

Statutes § 4-183. Accordingly, the trial court was correct in concluding that it had no jurisdiction over the appeal.

There is no error.