STEPHEN M. DONIS *v.* CONNECTICUT BOARD OF EXAMINERS IN PODIATRY
(13346)

PETERS, C. J., SHEA, CALLAHAN, GLASS and HULL, Js.

Argued April 14—decision released June 7, 1988

*William J. Tracy, Jr.,* with whom, on the brief, was *Timothy W. Furey,* for the appellant (plaintiff).

*William J. McCullough,* assistant attorney general, with whom, on the brief, were *Joseph I. Lieberman,* attorney general, and *Richard J. Lynch* and *Susan Brooks Flanders,* assistant attorneys general, for the appellee (defendant).

HULL, J. The sole issue in this case is whether the department of health services (department) was a party of record to the administrative proceeding which is the subject of this appeal, so that the plaintiff's failure to cite and serve the department, as required by General Statutes § 4-183 (b) of the Uniform Administrative Procedure Act (UAPA), rendered his appeal to the Superior Court jurisdictionally defective.[1] We agree with the court that the department was a party of record to the administrative proceeding involved and find no error in the trial court's dismissal of the plaintiff's appeal for lack of jurisdiction.

On September 7, 1984, the department presented the Connecticut board of examiners in podiatry (board), established under General Statutes § 20-51, with a statement of charges against the plaintiff, Stephen M. Donis, a podiatrist, seeking disciplinary action against him for actions constituting a violation of General Statutes § 20-59. A hearing on the charges was conducted by the board as a contested case pursuant to General Statutes §§ 4-166 through 4-189. The department was

---

[1] General Statutes § 4-183 (b) provides: "Proceedings for such appeal [from a decision of an agency] shall be instituted by filing a petition in superior court for the judicial district of Hartford-New Britain or for the judicial district wherein the aggrieved person resides or if such person is not a resident of this state to the court for the judicial district of Hartford-New Britain within forty-five days after mailing of the notice of the final decision of the agency or, if a rehearing is requested, within forty-five days after mailing of the notice of the decision thereon. Copies of the petition shall be served upon the agency and all parties of record within thirty days after mailing of such notice or, if a rehearing is requested, within thirty days after mailing of the notice of the decision thereon, except that service upon an agency may be made by the appellant mailing a copy of the petition by registered or certified mail, postage prepaid, without the use of a sheriff or other officer, to the office of the commissioner of the agency or to the office of the attorney general in Hartford."

General Statutes § 4-166 provides: " 'Agency' means each state board, commission, department or officer, other than the legislature, courts, judicial review council, council on probate judicial conduct, governor, lieutenant governor, attorney general or town or regional boards of education, authorized by law to make regulations or to determine contested cases."

represented by a department attorney, and Donis was represented by counsel. On June 24, 1985, the board issued its memorandum of decision and order dismissing four of the seven counts the department had brought against Donis. The board, however, found that Donis had violated § 20-59 (4), as charged, assessed civil penalties of $2000 and suspended his license to practice podiatry for ninety days.

On July 12, 1985, the plaintiff appealed to the Superior Court from the board's decision, summoning only the board, and not the department, to court. The board moved to dismiss the action on the ground of lack of jurisdiction because the plaintiff had failed to summon and serve the department, a party of record, to appear before the court. The trial court concluded that the department was a party of record because it had prosecuted the case against the plaintiff and that the failure to cite and serve the department as such a party rendered the action jurisdictionally defective and subject to dismissal.

The plaintiff appealed to the Appellate Court, claiming that the trial court erred in concluding that the department was a party of record. This court transferred the appeal to itself, pursuant to Practice Book § 4023.

We must first describe the administrative matrix of this case and the relationship between the department and the board. The department is a supervisory umbrella agency. The commissioner of health services is charged by General Statutes § 19a-5 with administering the health law and the public health code. He is also given the responsibility for the overall operation and administration of the department. Pursuant to General Statutes § 19a-14 (a) (8), (10) and (11),[2] the

---

[2] General Statutes § 19a-14 (8), (10) and (11) provide: "(8) Develop and perform all administrative functions necessary to process complaints against

department processes complaints against persons licensed by it. These powers apply to the board of examiners in podiatry; General Statutes § 19a-14 (b) (14); and fifteen other boards. " 'Complaint' means a formal statement of charges issued by the department of health services." General Statutes § 19a-13 (6). Concerning nine professions licensed or regulated by the department for which no board exists, the department has the same broad overall administrative functions and responsibilities as it does concerning the professional boards and commissions listed in § 19a-14 (b). Section 19a-14 (c) states that "[n]o board shall exist for the following professions which are licensed or otherwise regulated by the department of health services," listing a potpourri of callings totally under the wing of the department. Subsection (c) goes on to state that "[t]he department shall assume all powers and duties normally vested with a board in administering regulatory jurisdiction over said professions. The uniform provisions of this chapter and chapters 368v, 369 to 381, inclusive, 383 to 388, inclusive, 393a, 395, 398 and 399, including but not limited to standards for entry and renewal; grounds for professional discipline; receiving and processing complaints; and disciplinary sanctions shall apply, except as otherwise provided by law, to the professions listed in this subsection." Finally, General Statutes § 19a-17 provides that each board or commission established by statute, upon "finding the existence of good cause," may impose a civil penalty up to $1000 and suspend a practitioner's license.

This statutory framework reveals a two-tier system concerning the administration and discipline of those

persons licensed by the department. . . .

"(10) Conduct any necessary review, inspection or investigation regarding qualifications of applicants for licenses or certificates, possible violations of statutes or regulations, and disciplinary matters. . . .

"(11) Conduct any necessary investigation and follow-up in connection with complaints regarding persons subject to regulation or licensing by the department."

licensed by the department: (1) independent professional boards or commissions listed in § 19a-14 (b) consisting primarily of health care professionals, plus opticians, barbers, embalmers and funeral directors, and hypertrichologists; and (2) the nine boardless professions listed in § 19a-14 (c).

This distinction, which illuminates this case, was articulated in *Board of Education* v. *Department of Education,* 198 Conn. 445, 503 A.2d 1147 (1986). *Board of Education* involved two appeals taken under the UAPA from decisions of hearing boards appointed, pursuant to General Statutes § 10-76h (c), by the state department of education. We concluded that it was not necessary in an appeal under General Statutes § 4-183 (b) that the hearing board be named and served as a defendant, holding that such a hearing board is not an agency for purposes of such an appeal. Each case was heard by a different hearing officer who constituted the hearing board. Id., 448. We found that such a hearing officer was not a "state board" or state "officer" under the definition of an "agency" in General Statutes § 4-166 (1). We noted that the hearing board's existence and function were limited to hearing and deciding a particular contested case; id., 452; and *did not gain status independent of the department which established it.* The board was truly "ad hoc." Id., 453. "Once the board has made its determination, its existence, for all intents and purposes, is over, its raison d'etre is satisfied, and it is for the department to undertake any further action to enforce its ruling." Id., 453–54. In *Catholic Family & Community Services* v. *Commission on Human Rights & Opportunities,* 3 Conn. App. 464, 489 A.2d 408 (1985), the Appellate Court reached a similar conclusion in considering whether the hearing officer appointed by the defendant commission should have been served in an administrative appeal to the trial court. That court concluded that the hearing officer did not "gain status independent of the commission." Id., 467.

In contrast to the hearing officers involved in the two cases described above, the board of examiners in podiatry is a separate agency created by General Statutes § 20-51. It has specific regulatory and policy making authority. General Statutes § 20-51 et seq. It is charged with the responsibility of regulating the practice of podiatry. General Statutes §§ 19a-10, 19a-11. It may apply directly to the Superior Court for enforcement of its orders. General Statutes § 19a-11. It may take direct action against a podiatrist and is authorized to impose sanctions set out in General Statutes § 19a-11, as the sole disciplinary authority in this field.

The plaintiff deduces from these broad independent powers of the board that the department lacks regulatory authority over podiatrists and is given only investigatory and administrative authority. The plaintiff points out that this "limited authority" contrasts sharply with the authority given the department over professions not regulated by a board or commission by General Statutes § 19a-14 (c). Thus, he argues, "[t]he department acts on behalf of the board." The defendant, to the contrary, claims that the department acted as a prosecutor while the board's role was adjudicatory. We agree with the defendant.

At the administrative hearing in this case, the department presented evidence and cross-examined the plaintiff and the one witness he called. The department's attorney did not move to have the department admitted as a party. Nor did the board specifically designate the department as a party in this case.

General Statutes § 4-166 (5) provides: " 'Party' means each person or agency named or admitted as a party, or properly seeking and entitled as of right to be admitted as a party." The pertinent regulations provide as follows: (1) Regulations of Connecticut State Agencies, § 19-2a-36 (a): "Designation as party. The

presiding officer shall admit as a party any applicant, petitioner, licensee or respondent in the contested case. In addition, the presiding officer shall consider all petitions filed in accordance with subsections (b) and (c) below and shall admit as a party any other person whose participation as a party is necessary to the proper disposition of such case and who will be substantially and specifically affected by the proceeding;'' (2) Regulations of Connecticut State Agencies, § 19-2a-36 (b): "Filing of petition. Any person that proposes to be admitted as a party to any proceeding shall file a written petition to be so designated not later than five (5) days before the date of the hearing of the proceeding as a contested case;'' and (3) Regulations of Connecticut State Agencies, § 19-2a-38 (c): "Each person, or their duly authorized representative, authorized to participate in a contested case as a party or as an intervenor shall file a written notice of appearance with the presiding officer.''

Under § 19-2a-36 (a), the presiding officer shall admit as a party any applicant, petitioner, licensee or respondent in the contested case. Therefore, in this case, the department, as petitioner, and the respondent (the plaintiff Donis) were automatically "admitted" as parties. By contrast, the second sentence of subsection (a) concerns the consideration of all petitions filed in accordance with subsections (b) and (c) of the regulation. Thus, the filing of a petition under subsection (b) and the filing of a written notice of appearance under subsection (c) concern only non-automatic parties as described in subsection (a). This is consonant with the definition of a party in § 4-166 (5). Neither the department nor Donis was required to seek permission to be a party of record in this case or to file a notice of appearance. Both became parties of record by operation of the statute and regulations in this case.[3]

---

[3] See *Hillcroft Partners* v. *Commission on Human Rights & Opportunities,* 205 Conn. 324, 533 A.2d 852 (1987). There, we upheld the dismissal

The plaintiff relies principally on the case of *Nanavati* v. *Department of Health Services,* 6 Conn. App. 473, 506 A.2d 152 (1986). In that case the plaintiff appealed to the Superior Court under General Statutes § 4-183 from a decision of the board of veterinary registration and examination. The board moved to dismiss the appeal on the ground that the appeal named the department of health services as defendant, rather than the board, which was the agency whose decision was being appealed. Id., 473. The Appellate Court upheld the trial court's judgment dismissing the appeal for lack of subject matter jurisdiction. Id., 474. It concluded that the board is an agency within the meaning of the UAPA and its appeal provisions. Id. The *Nanavati* court fur-

---

of an appeal from the commission on human rights and opportunities (CHRO) where the complainant, who had instituted the CHRO proceedings against the plaintiff, was not cited and served as a defendant in the appeal. We concluded that the CHRO named the complainant as a party of record by "designating" her in various documents in the record. "We conclude, however, that the record sufficiently establishes that the complainant was 'named' as a party during the CHRO proceeding and thus became a party of record under the first alternative of the definition contained in [General Statutes] § 4-166 (5). The first letters sent by the CHRO to each plaintiff bore references to docket numbers of proceedings entitled 'Margaret M. Schifini v. Hillcroft Partners' and 'Margaret M. Schifini v. Schlesinger Management Corp.' Copies of the sworn complaints enclosed with the letters bore a caption as follows: 'Commission on Human Rights and Opportunities on the Complaint of Margaret M. Schifini, Complainant vs. (each plaintiff) Respondent.' A letter of the plaintiffs responding to the complaints as well as the affidavits submitted therewith had the reference or caption 'Margaret M. Schifini vs. (each plaintiff).' The notice of public hearing referred to the complaints by the same title. The brief filed with the hearing officer by the attorney general, as well as that of the plaintiffs, bore the caption, 'C.H.R.O. ex rel. Margaret Schifini, Complainant v. Hillcroft Partners and Schlesinger Management Corp., Respondents.' The same caption appears on the final decision issued by the CHRO. The record of the proceeding, therefore, indicates that the complainant was named in the pleadings and other documents filed either as the sole party pursuing the claim against the plaintiffs or as a relator at whose behest the CHRO had instituted the proceedings." Id., 328–29.

*Hillcroft Partners* represents an unusual factual pattern not present in this case.

ther stated: "[I]t is the board that has the power to discipline the veterinary profession. The board's actions, therefore, are reviewable under the UAPA but the appeal must cite it, and not its supervisory umbrella department.

"The board being an agency within the meaning of General Statutes § 4-166 (1), separate from the department of health services, held the disciplinary hearings involved in this case. Because the board was the sole agency that took the action by which the plaintiff claims to be aggrieved, it and not the department of health services, was the proper party defendant." Id., 475.

We agree with *Nanavati* that the board in this case is the "agency" upon which the appeal must be served under § 4-183. The board of examiners in podiatry is an independent agency, separate from the department of health services. The department acted as the prosecutor in this case under the statutory scheme described above. The board conducted the disciplinary proceedings in this case and issued the orders from which the plaintiff has appealed. It was necessary for the plaintiff to cite and serve that agency, as he did, in order for the trial court to have subject matter jurisdiction of this case.

We do not agree, however, with the plaintiff's claim that *Nanavati* stands for the proposition that the board is the only proper defendant. The issue in *Nanavati* was whether the board of veterinary registration and examination or the department was the proper defendant as the *agency* rendering the disputed decision. That case did not involve the question in this case of whether the department, not required to be served as the agency, was nevertheless required to be served as a party of record.

We conclude, in this appeal, that both the adjudicatory agency, the board, and the prosecutory body, the

department, as a party of record, were required to be cited and served as defendants.[4] "We have held that '[a] statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created.' *Royce* v. *Freedom of Information Commission,* 177 Conn. 584, 587, 418 A.2d 939 (1979). 'The appeal provisions of the statute are jurisdictional in nature, and, if not complied with, render the appeal petition subject to dismissal.' *Basilicato* v. *Department of Public Utility Control,* 197 Conn. 320, 324, 497 A.2d 48 (1985); *Minichino* v. *Freedom of Information Commission,* 6 Conn. App. 148, 149, 503 A.2d 1189 (1986); *Newtown* v. *Department of Public Utility Control,* 3 Conn. App. 416, 419, 488 A.2d 1286 (1985)." *Hillcroft Partners* v. *Commission on Human Rights & Opportunities,* 205 Conn. 324, 326–27, 533 A.2d 852 (1987).

There is no error.

In this opinion the other justices concurred.

---

[4] We note that the legislature has addressed this issue with the enactment of Public Acts 1988, No. 88-317. The act requires that an agency state in its final decision the name and most recent mailing address of each party or his authorized representative. Public Acts 1988, No. 88-317, § 17 (c), amending General Statutes § 4-180. It further provides that the person appealing need serve only those parties named in the decision. Public Acts 1988, No. 88-317, § 23 (c), amending General Statutes § 4-183. These changes will not be effective, however, until July 1, 1989. In view of our decision in this case, presiding officers in administrative appeals may consider applying Public Acts 1988, No. 88-317, § 17 (c), immediately.