[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Robert Kovacs, Roger Kovacs and Paul Kovacs have appealed the March 21, 1990 decision of the Commissioner of the Department of Environmental Protection denying their May 5, 1988 application to conduct a regulated activity in a state wetland or watercourse. Process was served on April 30, 1990 by mailing the appeal, certified mail, return receipt requested, to the Commissioner and the other parties, Meryacres Corporation and the New Milford Inland Wetlands Commission.
The defendant Commissioner seeks dismissal of this action on the grounds that the plaintiffs failed to comply with that version of Connecticut General Statutes 4-183 (b) which governs this appeal. Specifically, the defendant contends that this lack of compliance occurred in two ways: (1) the plaintiffs failed to properly serve the parties within thirty days of the final decision; (2) the plaintiffs did not serve the parties other than the Commissioner, Meryacres and the Inland Wetlands Commission, by sheriff or other officer as required by Connecticut General Statutes 52-50. See Conn. Gen. Stat. 4-183 (b).
The plaintiffs assert that they have complied with the requirements of the amended version of 4-183 (b) and that the more relaxed requirements of the amended version govern this case. While the plaintiffs have met the requirements of the statutes amended version, it is not this law CT Page 4849 which governs the appeal. See Conn. Gen. Stat. 4-185 (a). Connecticut General Statutes 4-185 (a) states that "this chapter [the amended version of the UAPA] applies to all agency proceedings commenced on or after July 1, 1989. . .each agency proceeding commenced on or after July 1, 1989 is governed by the law in effect when the proceeding was commenced." Conn. Gen. Stat. 4-185 (a).
In an attempt to circumvent 4-185 (a), the plaintiff contends that this administrative appeal is not an agency proceeding. This argument was properly rejected in City of Groton v. Carothers, 2 CTLR 90 (July 20, 1990, Freed, J.) where the court stated:
 . . . for the limited purpose of 4-185, there is no room for construing "agency proceedings" to exclude administrative appeals to the superior court. To understand "agency proceedings" in the first sentence of 4-185 (a); which reads "This chapter applies to all agency proceedings commenced after July 1, 1989," to exclude appeals to the superior court would thwart the purpose of the Administrative Procedures Act. Such a reading of 4-185 would also make both the old and new versions of 4-183 inapplicable to the plaintiff's appeal, a nonsensical result the legislature obviously did not intend.
Id. at 92 quoting Hale v. State Employees Retirement Commission, 16 CLT 8, 9 (December 23, 1989, Hennessey, J.).
The adoption of the Hale and Groton logic necessitates the conclusion that the version of 14-183 (b) governing this appeal is the one in effect on May 5, 1988 when the agency proceeding commenced. That statute specifically required the plaintiffs to serve the appeal petition on all parties within thirty days after the agency mails notice of the final decision and allowed only the agency to be served by registered or certified mail. Conn. Gen. Stat. 4-183 (b); City of Groton, 2 CTLR at 92. Under the facts of this case, the plaintiffs have failed to meet these statutory mandates. A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created. Chestnut Realty, Inc. v. CHRO, 201 Conn. 350, 356 (1986). The failure to properly serve a party is not a defect curable by amendment and renders the appeal subject to dismissal for want of jurisdiction. Newtown v. Department of Public Utility Control, 3 Conn. App. 416, 419
(1985). Provisions in statutes fixing a time within which to take an appeal are mandatory, and if not complied with, the appeal is subject to dismissal. Royce v. Freedom of Information Commission,177 Conn. 584, 587 (1979). Since the plaintiffs have failed to properly serve the parties and have failed to serve them within the specified time period, the court is without jurisdiction in this matter.
Accordingly, the motion to dismiss is granted. CT Page 4850
PICKETT, J.