[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The plaintiff, Attorney Zbigniew Rozbicki, has appealed from the decision of the hearing officer of the Town of Canaan, alleging that on or about May 19, 1992, the state police towed and stored the plaintiff's motor vehicle. At a hearing held pursuant to General Statutes14-150 to determine whether the towing of the plaintiff's vehicle was appropriate, the hearing officer determined that the state police legally towed the vehicle because, as it was parked, it was a hazard to traffic. Therefore, the hearing officer determined that the plaintiff could be charged for the towing expenses.
The plaintiff appealed the decision of the hearing officer to this court, alleging that the decision was based on ex parte communications between the hearing officer and the state police, and that the procedures at the hearing denied the plaintiff due process of law. Therefore, the plaintiff alleges that he is not liable for the towing expenses pursuant to General Statutes14-150(f)(1).
On November 12, 1993, the named defendant, Nicholas Cioffi, Commissioner of Public Safety, moved to dismiss the appeal on the ground that the court lacks subject matter jurisdiction over the appeal because the plaintiff failed to comply with the filing deadlines dictated by CT Page 284 General Statutes 14-150(f)(1) and that the plaintiff has not cited the proper party as defendant.
"[A] challenge to the court's jurisdiction is raised by the filing of a motion to dismiss." Park City Hospital v. Commission on Hospitals and Health Care,210 Conn. 697, 702, 556 A.2d 602 (1989). "The motion to dismiss. . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone." Barde v. Board of Trustees, 207, Conn. 59, 62,539 A.2d 1000 (1988).
The pertinent portions of General Statutes 14-150
are as follows:
 The chief executive officer of each town shall appoint a suitable person, who shall not be a member of any state or local police department, to be a hearing officer to hear applications to determine whether or not the towing within such municipality of such motor vehicle was authorized under the provisions of this section. . . . The commissioner [of motor vehicles] shall establish by regulation the qualifications necessary for hearing officers and procedures for the holding of such hearings. If it is determined at such hearing that the vehicle was not a menace to traffic, abandoned or unregistered, as the case may be, the owner of such motor vehicle shall not be liable for any expenses incurred as a result of the taking and storage of such motor vehicle . . . . and the department which took and stored such motor vehicle shall be liable for such expenses. . . . Any person aggrieved by the decision of such hearing officer may, within fifteen days of the notice of such decision, appeal to the superior court for the CT Page 285 judicial district wherein such hearing was held.
(Emphasis added.)
The defendant first argues that General Statutes14-150 requires the filing of the appeal with the court within 15 days of the notice of the decision. Because the appeal was not filed with the court until 30 days after the notice, the defendant argues that the appeal is untimely and the court, therefore, lacks subject matter jurisdiction over the appeal.
The plaintiff has submitted an affidavit in opposition to the motion to dismiss stating that he "received notice from the hearing officer dated July 26, 1993, on July 27, 1993." The defendant does not dispute that the notice of the hearing officer's decision occurred on July 27, 1993. The sheriff's return indicates that service was made on the defendant on August 11, 1993, 15 days from the date of the notice of decision. The appeal was not filed with the court, however, until August 27, 1993.
"The failure to file an appeal from an administrative decision within the time set by the statute renders the appeal invalid and deprives the court of jurisdiction to hear it." (Citations omitted.) Rogers v. Commission on Human Rights Opportunities,195 Conn. 543, 550, 489 A.2d 368 (1985). General Statutes14-150(f)(1) requires the aggrieved party to appeal to the superior court within 15 days of the decision of the hearing officer. General Statutes (Rev. to 1989) 8-8
contained language similar to that of General Statutes14-150(f)(1), providing that "[a]ny person. . . aggrieved by any decision of [the local zoning authority] . . . may, within fifteen days from the date when notice of such decision was published . . ., take an appeal to the superior court for the judicial district in which such municipality is located." The language in8-8 was construed to require service on the necessary parties within 15 days of the publication of the notice.
 This court is of the opinion that the appeal is "taken" [under General CT Page 286 Statutes (Rev. to 1989) 8-8] upon the completion of service upon the necessary parties . . . .
 In Hubbard v. Planning Commission, 151 Conn. 269 (1963), the court stated at p. 273: `The plaintiff's appeal, having been served on July 7, was served on the fifteenth day and was therefore taken within the time prescribed by the statute.' (Emphasis added) In this state, an action is considered to have been brought as of the date of service of the writ upon the defendant. Seaboard Burner Corporation v. DeLong, 145 Conn. 300, 303 (1958).
Rotondo v. Zoning Commission of the City of Bridgeport,1 Conn. L. Rptr. 87, 88 (December 12, 1989, Thompson, J.); see also Granger v. Plainville Planning Zoning Commission, 1 Conn. L. Rptr. 278 (February 14, 1990, Allen, S.J.) (appeal is timely under General Statutes (Rev. to 1989) 8-8(a) if served within fifteen days of notice). The language of General Statutes 14-150(f)(1), which is similar to the language previously contained in General Statutes 8-8, therefore, requires the appeal to be served on the necessary parties within fifteen days of the notice of the decision. Cf. Rotondo v. Zoning Commission of the City of Bridgeport, supra. Therefore, the appeal is timely and the motion to dismiss is denied on this ground.
The defendant also moved to dismiss the appeal on the ground that the plaintiff's failure to name as defendant the agency which rendered the decision in this case deprives the court of jurisdiction. The plaintiff cited as the defendant only "Nicholas A. Cioffi, Commissioner of the State Police."
General Statutes 14-134 provides that "[a]ny appeal from a decision of the commissioner shall, if such appeal is from an order based upon a violation of any provision of [Chapter 246, 14-1 to 14-164a], be taken in accordance with section 4-183." The term "commissioner" CT Page 287 used in General Statutes 14-134, is defined as "the commissioner of motor vehicles and any assistant to the commissioner of motor vehicles who is designated and authorized by and who is acting for, the commissioner of motor vehicles under a designation." General Statutes14-1(10). General Statutes 14-150 establishes the office of a hearing officer to determine whether the motor vehicle at issue was a menace to traffic abandoned or unregistered pursuant to General Statutes 14-150. Under General Statutes 14-150(f)(1), the commissioner of motor vehicles is required to "establish by regulation the qualifications necessary for hearing officers and procedures for the holding of such hearings." General Statutes 14-150(f)(1); see also Conn. Regs., 14-150-1
to 14-150-10. In addition, the commissioner of motor vehicles is given the authority to "make, alter or repeal regulations governing the administration of all statutes relating to motor vehicles." General Statutes14-137(a). Although the hearing officer is appointed by the chief executive of each town, the appointment and hearing is subject to the regulations of the commissioner of motor vehicles. General Statutes 14-150(f)(1); see Connecticut Regulations, 14-150-2.
In Nanavati v. Department of Health Services,6 Conn. App. 473, 506 A.2d 152 (1986), the defendant filed a motion to dismiss the appeal of the decision by the board of veterinary registration, disciplining the plaintiff, on the ground that the appeal named the department of health services as the defendant rather than the board of veterinary registration, the agency who rendered the decision from which the plaintiff was appealing. Id., 473. The court noted that the board of veterinary registration was statutorily authorized to hold a hearing and issue a decision disciplining the plaintiff, and was, therefore, the agency from which the plaintiff must appeal. The appellate court held that
 [t]he right to appeal to the court from an administrative agency decision exists only where authorized by statute and only where the aggrieved party strictly complies with the statutory provision by which the right of CT Page 288 appeal is granted. . . . .Here, the plaintiff, by not citing the proper defendant, failed to follow the requirements for appealing from the board's decision as outlined in General Statutes 4-183. Accordingly, the trial court was correct in concluding that it had no jurisdiction over the appeal.
(Citations omitted.) Id., 475-76; see also Donis v. Board of Examiners in Podiatry, 207 Conn. 674, 679,542 A.2d 726 (1988).
In the present case, the plaintiff seeks to overturn the decision of the hearing officer, made pursuant to General Statutes 14-150(f)(1), not the Commissioner of Public Safety or a hearing officer appointed by that commissioner. Therefore, the hearing pursuant to14-150(f)(1) is a hearing of an assistant to the commissioner of motor vehicles, as defined by General Statutes 14-1(10), and as such, it is appealable pursuant to General Statutes 4-183. General Statutes14-134. "General Statutes 4-183 requires the party who is appealing an agency's decision to include with his petition for appeal a proper citation." (Citation omitted.) Nanavati v. Department of Health Services, supra, 474; General Statutes 4-183(d). "[T]he courts of this state have consistently held that, in appeals from administrative decisions, the failure to include the name of a necessary party or defendant in the citation is a jurisdictional defect that renders the appeal subject to dismissal." Simko v. Zoning Board of Appeals,205 Conn. 413, 419, 533 A.2d 879 (1987). Because the plaintiff failed to cite as defendant the "agency that rendered the final decision"; General Statutes 4-183(d); i.e., the department of motor vehicles, he has failed to include a necessary party in the citation. Therefore, the appeal is dismissed. Donis v. Board of Examiners in Podiatry, supra 679; Nanavati v. Department of Health Services, supra, 475-76.
PICKETT, J. CT Page 289