[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS NO. 102
The plaintiff, Leonard Young, appeals pursuant to General Statutes § 4-183 from the dismissal of his claim and the denial of his motion for reconsideration by the defendant, the Commission on Human Rights and Opportunities (CHRO). Also named as a defendant is the plaintiff's former employer, Eldorado Tools, a division of Quamco (Eldorado).
On June 24, 1994, the plaintiff filed a complaint with the CHRO, charging Eldorado with discriminatory treatment on the basis of race, color and physical disability, in violation of Chapter 814c of the General Statutes. The plaintiff's complaint was dismissed by the CHRO on December 20, 1994.
On or about January 6, 1995, the plaintiff filed a request for CT Page 10346 reconsideration. The request was denied by the CHRO on March 22, 1995 on the ground that it was not timely filed. The plaintiff alleges that he received notification of the CHRO's decision on April 17, 1995.
In support of his appeal the plaintiff alleges that he provided the CHRO with evidence of discriminatory treatment by his employer, and that the CHRO did not give due consideration to the plaintiff's evidence. The plaintiff further alleges that the CHRO acted arbitrarily, capriciously and abused its discretion in failing to fully investigate his claims.
On July 19, 1995, Eldorado filed a motion to dismiss the plaintiff's action and a supporting memorandum of law. In support of its motion Eldorado argues that the court lacks subject matter jurisdiction over the appeal because: (1) Eldorado is not a proper party to an appeal from the decision of an administrative agency; and (2) the appeal was not properly commenced within the statutory time period provided by General Statutes §§ 4-183 and 4-166.
The plaintiff orally objected to Eldorado's motion at short calendar but did not file a memorandum in opposition. The CHRO filed an appearance and argued in support of the motion to dismiss at short calendar, but did not file motion papers or a memorandum of law. The court notes that on August 2, 1995, the plaintiff filed an amended two-count complaint. In the first count the plaintiff appeals the decision of the CHRO pursuant to § 4-183. In the second count, the plaintiff asserts an employment discrimination claim against Eldorado.[1]
"[A] challenge to the court's jurisdiction is raised by the filing of a motion to dismiss." Park City Hospital v. Commission on Hospitals Health Care, 210 Conn. 697, 702, 556 A.2d 602 (1989). "[A]s soon as the jurisdiction of the court to decide an issue is called into question, all other action in the case must come to a halt until such a determination is made." Gurliacci v. Mayer, 218 Conn. 531, 544-45,490 A.2d 509 (1991).
Eldorado's first argument in support of its motion to dismiss is that the court lacks subject matter jurisdiction because Eldorado is not a proper party to the appeal of an administrative agency's decision.[2]
"[F]ailure to cite a necessary party to the appeal renders the appeal dismissable for lack of jurisdiction. . . . General Statutes § 4-166 (1) of the UAPA defines `agency' to mean `each state board, commission, department or officer . . . authorized by law . . . to determinecontested cases." (Emphasis in original.) Nanavati v. Department ofHealth Services, 6 Conn. App. 473, 474, 506 A.2d 152 (1986). CT Page 10347
In the present case, the plaintiff properly cited the state agency that rendered the decision from which the plaintiff appeals (the CHRO) as a party defendant. Thus, the plaintiff's appeal is not subject to dismissal for failure to comply with the mandates of § 4-166(1).
Assuming arguendo that Eldorado is not a proper party defendant to this action, the plaintiff's act of making Eldorado a party defendant does not deprive the court of subject matter jurisdiction. Moreover, the court notes that the plaintiff filed an amended complaint in which he asserts an employment discrimination claim against Eldorado.[3] Thus, Eldorado would be a proper party with respect to the second count of the plaintiff's complaint.[4]
Eldorado also argues that the plaintiff's appeal was not timely filed, and as a result, the court lacks subject matter jurisdiction over the appeal. While one would ordinarily expect the CHRO, as opposed to Eldorado, to raise this argument, the issue of lack of subject matter jurisdiction may be raised by any party, or by the court, sua sponte, at any time. Daley v. Hartford, 215 Conn. 14, 28, 574 A.2d 194 (1990).
General Statutes § 4-183 (c) provides in pertinent part that "[w]ithin forty-five days after mailing of the final decision . . . or . . . within forty-five days after personal delivery of the final decision . . . a person appealing as provided in this section shall serve a copy of the appeal on the agency that rendered the final decision. . . ." The term "final decision" is defined in § 4-166(3) as "(A) the agency determination in a contested case . . . or (C) an agency decision made after reconsideration."
"[A] statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created. . . . The appeal provisions of the statute are jurisdictional in nature, and if not complied with, render the appeal petition subject to dismissal." (Citations omitted; internal quotation marks omitted.)Hillcroft Partners v. Commission on Human Rights Opportunities,205 Conn. 324, 326, 533 A.2d 852 (1987). Failure to serve and file an administrative appeal under § 4-183 within forty-five days of the mailing of the agency's final decision deprives the court of subject matter jurisdiction to hear the appeal. Glastonbury Volunteer AmbulanceAssn., Inc. v. Freedom of Information Commission, 227 Conn. 848, 852,633 A.2d 305 (1993); Ierardi v. Commission on Human Rights Opportunities, 15 Conn. App. 569, 574, 546 A.2d 870, cert. denied,209 Conn. 813, 550 A.2d 1082 (1988). The filing of a petition for reconsideration with the agency does not stay the time to appeal to the CT Page 10348 superior court. Cassella v. Department of Liquor Control, 30 Conn. App. 738,741, 622 A.2d 1018 (1993).
In the present case, the plaintiff's claim was dismissed by the CHRO on December 20, 1994. The date of the CHRO's decision does not trigger the statutory period for serving and filing an appeal, and there is no evidence in the record as to when this final decision was either mailed or personally delivered to the plaintiff. See General Statutes § 4-183(c). The plaintiff then filed a request for reconsideration on January 6, 1995, which was denied on March 22, 1995, on the ground that the request was not timely filed. The court notes that pursuant toCassella, the filing of the request for reconsideration, regardless of its timeliness, does not stay the plaintiff's time to appeal the CHRO's decision.
The plaintiff alleges that he "received notification of CHRO's final decision on April 17, 1995." (Amended complaint, ¶ 8.) In making this allegation, the plaintiff does not specify whether April 17, 1995 is the date that the "final decision" was either mailed or personally delivered to him. The plaintiff also does not specify whether this notice of a "final decision" constitutes notice of the CHRO's December 20, 1994 decision with respect to the plaintiff's claim, or notice of the CHRO's March 22, 1995 denial of the plaintiff's request for reconsideration.
To compound matters, Eldorado, in moving to dismiss, failed to present evidence which establishes the date that notice of the CHRO's final decision, made on December 20, 1994, was either mailed or personally delivered to the plaintiff. Thus, there is no evidence in the record which would allow the court to determine when the forty-five day appeal period began to run, and whether the plaintiff commenced the appeal within the statutory time period provided by § 4-183(c).
While it is likely that the plaintiff received some type of notice with respect to the CHRO's December 20, 1994 decision (i.e., in light of the fact that the plaintiff filed a request for reconsideration on January 6, 1995), the court cannot dismiss a case and enter a final judgment based on pure speculation. In fact, when considering the issue of subject matter jurisdiction, "every presumption favoring jurisdiction should be indulged." Killingly v. Connecticut Siting Council, 220 Conn. 516,522, 600 A.2d 752 (1991). In the absence of any evidence to the contrary, the court must presume that it has subject matter jurisdiction over the present case.
Eldorado's motion to dismiss is denied. CT Page 10349
BALLEN, JUDGE