******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

GEORGE BERKA *v.* CITY OF MIDDLETOWN
(AC 39579)

Lavine, Sheldon and Harper, Js.

*Syllabus*

The plaintiff appealed to this court from the judgment of the trial court dismissing his administrative appeal from the decision by the state Department of Health (department) finding in favor of the defendant city of Middletown concerning two municipal health orders that had been issued against the plaintiff, which related to violations of various statutes and city ordinances at the plaintiff's property. In his administrative citation, the plaintiff had named only the city as the sole defendant and the state marshal's return of service indicated that he served the city only. The city filed a motion to dismiss the plaintiff's administrative appeal for the plaintiff's failure to name the department as a party. In response, the plaintiff filed an opposition and a motion to cite in the department as a party to his administrative appeal. The trial court, in granting the city's motion to dismiss, concluded that it lacked subject matter jurisdiction solely due to the plaintiff's failure to name the department as a party, noting that it was required to rule on the jurisdictional issue raised by the city's motion to dismiss before allowing the plaintiff to amend his complaint. On appeal, the plaintiff claimed that the department acted improperly by not informing him that it needed to be named as a party and that the trial court's dismissal of his administrative action deprived him of due process. *Held* that the trial court properly granted the city's motion to dismiss the plaintiff's administrative appeal due to the plaintiff's failure to timely serve the department pursuant to statute (§ 4-183 [d]); although it was improper for the trial court to dismiss the plaintiff's appeal simply because he failed to name the department in his citation, as an arguable defect in process no longer implicates the trial court's subject matter jurisdiction, because the department was the agency that rendered the final decision challenged by the plaintiff, the plaintiff was required pursuant to § 4-183 (d) to timely serve his administrative appeal on the department and his failure to do so deprived the trial court of subject matter jurisdiction.

Argued November 13, 2017—officially released April 17, 2018

*Procedural History*

Appeal from a decision issued by the Department of Public Health, brought to the Superior Court in the judicial district of Middlesex, where the court, *Vitale, J.*, granted the defendant's motion to dismiss and rendered judgment dismissing the appeal, from which the plaintiff appealed to this court. *Affirmed.*

*George Berka*, self-represented, the appellant (plaintiff).

*Brig Smith*, for the appellee (defendant).

*Opinion*

PER CURIAM. The principal issue in this appeal is whether the trial court properly dismissed the self-represented plaintiff's administrative appeal on the ground that it lacked subject matter jurisdiction due to the plaintiff's failure to name the state of Connecticut Department of Public Health (department) as a party in his administrative citation. On appeal, the self-represented plaintiff, George Berka, claims first that the department acted improperly by not informing him that it needed to be named as a party and, second, that the trial court's dismissal of his appeal deprived him of due process. We disagree with the trial court's conclusion that the plaintiff's failure to *name* the department deprived it of subject matter jurisdiction. We conclude, however, that the trial court lacked subject matter jurisdiction due to the plaintiff's failure to *serve* his administrative appeal on the department. Accordingly, we affirm the judgment of the trial court.[1]

The record reveals the following facts and procedural history that are relevant. This appeal stems from two municipal health orders—one dated October 30, 2014, and the other dated November 21, 2014—issued by the defendant, the city of Middletown, acting through its municipal department of public health, regarding violations of various statutes and city ordinances at the plaintiff's property. The plaintiff challenged the orders by filing an appeal with the department. See General Statutes § 19a-229. A consolidated administrative appeal hearing relating to both orders took place on February 20, 2015.

The department issued a final memorandum of decision finding in favor of the defendant on January 26, 2016. See General Statutes §§ 4-179 and 4-180. The plaintiff subsequently appealed from that decision to the Superior Court. In his administrative citation, the plaintiff indicated that there was only one defendant and named the "city of Middletown" as that defendant.[2] The state marshal's return of service indicated that, on February 4, 2016, he served only the "city of Middletown."[3]

On May 26, 2016, the defendant filed a motion to dismiss the plaintiff's administrative appeal due, in part, to the plaintiff's failure to name the department as a party. The plaintiff filed his opposition on May 27, 2016, noting that "the department of public health shall be added as a party to this action, as requested." He then filed a motion to cite in the department as a party to his administrative appeal in the Superior Court on June 24, 2016, which the defendant opposed.

In its July 15, 2016 memorandum of decision, the court concluded that it lacked subject matter jurisdiction solely due to the plaintiff's failure to name the department as a party and, therefore, granted the defen-

dant's motion to dismiss. The court also noted that it was required to rule on the jurisdictional issue raised by the defendant's motion to dismiss before allowing the plaintiff to amend his complaint. The plaintiff now appeals. Additional facts will be set forth as necessary.

"In an appeal from the granting of a motion to dismiss on the ground of subject matter jurisdiction, this court's review is plenary. A determination regarding a trial court's subject matter jurisdiction is a question of law. When . . . the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record. . . . It is a familiar principle that a court which exercises a limited and statutory jurisdiction is without jurisdiction to act unless it does so under the precise circumstances and in the manner particularly prescribed by the enabling legislation." (Citations omitted; internal quotation marks omitted.) *Searles* v. *Dept. of Social Services*, 96 Conn. App. 511, 513, 900 A.2d 598 (2006); see also *Kindl* v. *Dept. of Social Services*, 69 Conn. App. 563, 566, 795 A.2d 622 (2002) (plenary review applies to court's construction of statute). "[W]e are mindful of the well established notion that, in determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged." (Footnote omitted; internal quotation marks omitted.) *Cuozzo* v. *Orange*, 315 Conn. 606, 614, 109 A.3d 903 (2015).

We also acknowledge that the plaintiff is a self-represented litigant. "[I]t is the established policy of the Connecticut courts to be solicitous of [self-represented] litigants and when it does not interfere with the rights of other parties to construe the rules of practice liberally in favor of the [self-represented] party . . . we are also aware that [a]lthough we allow [self-represented] litigants some latitude, the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law." (Internal quotation marks omitted.) *Darin* v. *Cais*, 161 Conn. App. 475, 481, 129 A.3d 716 (2015).

The defendant argues that we should affirm the dismissal of the plaintiff's administrative appeal due to the plaintiff's failure to cite the department as a party. As it did before the trial court, the defendant relies on this court's decision in *Nanavati* v. *Dept. of Health Services*, 6 Conn. App. 473, 474–76, 506 A.2d 152 (1986) (failure to cite proper agency as defendant to administrative appeal deprived court of subject matter jurisdiction). *Nanavati* and the cases that cite it, however, either precede or fail to consider the extensive legislative revisions and judicial gloss given to General Statutes § 4-183 over the past thirty-two years. On the basis of those developments, we conclude that the trial court improperly dismissed the plaintiff's appeal simply because he

failed to name the department in his citation.

Due to the strict nature of administrative appeals, both our Supreme Court and this court previously have held that a court lacks subject matter jurisdiction over an administrative appeal when a plaintiff fails properly to name a necessary party in a citation. See *Donis* v. *Board of Examiners in Podiatry*, 207 Conn. 674, 682–83, 542 A.2d 726 (1988); *Village Creek Homeowners Assn.* v. *Public Utilities Commission*, 148 Conn. 336, 338–39, 170 A.2d 732 (1961); *Shapiro* v. *Carothers*, 23 Conn. App. 188, 191, 579 A.2d 583 (1990); *Nanavati* v. *Dept. of Health Services*, supra, 6 Conn. App. 474–76.

In *Tolly* v. *Dept. of Human Resources*, 225 Conn. 13, 621 A.2d 719 (1993), however, our Supreme Court signaled a departure from the once ironclad rule that *any* deviation from § 4-183 deprives the court of subject matter jurisdiction.[4] See, e.g., *Kindl* v. *Dept. of Social Services*, supra, 69 Conn. App. 574. *Tolly* held that untimely service of an administrative appeal on an agency deprives the court of subject matter jurisdiction, but "arguable defects" in process render the appeal "dismissable only upon a finding of prejudice to the agency."[5] *Tolly* v. *Dept. of Human Resources*, supra, 28–29; see also *Yellow Cab Co. of New London & Groton. Inc.* v. *Dept. of Transportation*, 127 Conn. App. 170, 177, 13 A.3d 690 ("[a]bsent a complete failure to serve a party, *defective service* in an administrative appeal is *dismissable only upon a finding of prejudice* to the party" [emphasis altered]), cert. denied, 301 Conn. 908, 19 A.3d 178 (2011); 1 R. Bollier et al., Stephenson's Connecticut Civil Procedure (3d Ed. 2014 Supp.) § 62, p. S-114 ("the defect in service should be shown to somehow prejudice that party in some way"). In reaching this conclusion, the court in *Tolly* harmonized the conflicting subsections of § 4-183 (c) and (d).[6] See *Bittle* v. *Commissioner of Social Services*, 249 Conn. 503, 522 n.14, 734 A.2d 551 (1999). As the court in *Bittle* noted, "[§] 4-183 (d) provides a standard for dismissing appeals when parties *other than agencies* are not served, *or are served with defective papers*. This statutory standard is met upon a showing of actual prejudicial consequences stemming from a failure of service . . . ." (Emphasis added.) Id., 521–22.

The trial court concluded that the plaintiff's failure to name the department in his administrative citation—an arguable defect in the process—deprived it of subject matter jurisdiction. In light of *Tolly*, that conclusion was incorrect; arguable defects in process no longer implicate the subject matter jurisdiction of the court. Nonetheless, *Tolly* also made clear that, "[i]f there is no service at all on the agency within the forty-five day period, the court lacks subject matter jurisdiction over the appeal by virtue of the clear implication of the language in § 4-183 (c), read against the background of the preexisting law." *Tolly* v. *Dept. of Human*

*Resources*, supra, 225 Conn. 28.

It is undisputed that the department was the "agency" that rendered the final decision challenged by the plaintiff. See General Statutes § 4-166 (1). The plaintiff was therefore required to timely serve his administrative appeal on the department. See, e.g., *Tolly* v. *Dept. of Human Resources*, supra, 225 Conn. 28. There is nothing in the record to suggest that he did so. Section 4-183 (d) requires that the plaintiff file an affidavit or a return from the marshal "stating the date and manner in which a copy of the appeal was served . . . *on the agency* that rendered the final decision, and, if service was not made on a party, the reason for failure to make service." (Emphasis added.) The plaintiff did not file an affidavit indicating that he served the department, and the marshal's return indicates that the administrative appeal was served only on the defendant. In fact, the plaintiff concedes in his supplemental brief; see footnote 5 of this opinion; that he did not serve the department at any point in time. Accordingly, the trial court properly granted the defendant's motion to dismiss the plaintiff's administrative appeal due to the plaintiff's failure to timely serve the department. See, e.g., *Geremia* v. *Geremia*, 159 Conn. App. 751, 779, 125 A.3d 549 (2015) (appellate court "may affirm a trial court's proper decision, although it may have been founded on a wrong reason"); see also Practice Book § 10-33.[7]

The judgment is affirmed.

[1] Because we conclude that the trial court properly dismissed the plaintiff's appeal due to a lack of subject matter jurisdiction, we do not reach the plaintiff's first claim. We also decline to address the plaintiff's second claim because it is inadequately briefed. See, e.g., *Darin* v. *Cais*, 161 Conn. App. 475, 483, 129 A.3d 716 (2015).

[2] "In administrative appeals, the citation is the writ of summons that directs the sheriff or some other proper officer to seek out the defendant agency and to summon it to a particular sitting of a particular court on a specified day. . . . The citation, signed by competent authority, is the warrant which bestows upon the officer to whom it is given for service the power and authority to execute its command." (Citation omitted; internal quotation marks omitted.) *Tolly* v. *Dept. of Human Resources*, 225 Conn. 13, 18, 621 A.2d 719 (1993). "The citation that is used to commence an administrative appeal is analogous to the writ used to commence a civil action." (Internal quotation marks omitted.) Id., 20.

[3] The plaintiff filed a Form JD–CV–1 summons in the Superior Court directing the state marshal to serve his administrative appeal. See, e.g., *State* v. *Dyous*, 153 Conn. App. 266, 279–80, 100 A.3d 1004 (appellate court may take judicial notice of Superior Court filings), appeal dismissed, 320 Conn. 176, 128 A.3d 505 (2016) (certification improvidently granted).

[4] We note that legislative revisions to the Uniform Administrative Procedures Act (UAPA); General Statutes § 4-166 et seq.; and subsequent appellate decisions demonstrate a trend to construe the UAPA liberally in favor of the court's jurisdiction. See, e.g., *Bittle* v. *Commissioner of Social Services*, 249 Conn. 503, 509–15, 734 A.2d 551 (1999); *Tolly* v. *Dept. of Human Resources*, supra, 225 Conn. 19, 28–29; *Kindl* v. *Dept. of Social Services*, supra, 69 Conn. App. 575.

[5] After oral argument, this court, sua sponte, ordered the parties to file simultaneous briefs analyzing *Tolly* v. *Dept. of Human Resources*, supra, 225 Conn. 13, and its progeny. Neither party discussed that decision in its initial brief, and instead principally relied on appellate authority that predated *Tolly*. As we explain in this opinion, the plaintiff's administrative appeal was properly dismissed in accordance with *Tolly*. In fact, both parties

acknowledge in their supplemental briefs that *Tolly* requires dismissal.

<sup>6</sup> General Statutes § 4-183 (c) provides in relevant part: "[A] person appealing as provided in this section shall serve a copy of the appeal on the agency that rendered the final decision at its office or at the office of the Attorney General in Hartford . . . . [T]he person appealing shall also serve a copy of the appeal on each party listed in the final decision . . . provided failure to make such service within forty-five days *on parties other than the agency that rendered the final decision shall not deprive the court of jurisdiction over the appeal*. Service of an appeal shall be made by United States mail, certified or registered, postage prepaid, return receipt requested, without the use of a state marshal or other officer, or by personal service by a proper officer or indifferent person making service in the same manner as complaints are served in ordinary civil actions." (Emphasis added.)

General Statutes § 4-183 (d) provides in relevant part: "The person appealing . . . shall filed or cause to be filed with the clerk of the court an affidavit, or the state marshal's return, stating the date and manner in which a copy of the appeal was served on each party and on the agency that rendered the final decision, and, if service was not made on a party, the reason for failure to make service. *If the failure to make service causes prejudice to any party to the appeal or the agency, the court, after hearing, may dismiss the appeal*." (Emphasis added.)

<sup>7</sup> The defendant asks us to "reach the question of whether [the plaintiff] can refile an action if the dismissal of this action is affirmed." We decline to do so.

───────────────────────────