[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff is a prisoner in the custody of the State of Connecticut Department of Corrections ("Department of Corrections"). The petitioner had a dispute with the Department of Corrections about a baseball cap which was lost or stolen. He requested of the Department of Corrections a copy of an investigation or incident report relating to the baseball cap. The warden of the institution where he was housed denied that such record existed. The plaintiff then initiated a complaint to the Freedom of Information Commission ("Commission") pursuant to the Freedom of Information Act, General Statute § 1-201 et seq. Following unsuccessful efforts at resolving the complaint, the Commission on June 16, 1999, acting pursuant to § 1-206
(b)(2), voted to dismiss or administratively withdraw Mr. Allen's complaint.
The plaintiff initiated this appeal to obtain court assistance in ordering a Freedom of Information Commission hearing on his complaint against the Department of Corrections.
The Department of Corrections has moved to dismiss the complaint pursuant to Practice Book §§ 10-30 and 10-33 and General Statutes § 4-183 et seq. of the Uniform Administrative Procedure Act. It its motion to dismiss the Department of Corrections challenges the subject matter jurisdiction of the court.
"General Statutes § 4-183 requires the party who is appealing an agency's decision to include with his petition for appeal a proper citation. Daniels v. New Haven Police Department,3 Conn. App. 97, 99, 485 A.2d 579 (1985). "[F]ailure to cite a necessary party to the appeal renders the appeal dismissible for lack of jurisdiction.'" Nanavati v. Department of HealthServices, 6 Conn. App. 473, 474 (1986). In Nanavati, the plaintiff sought to appeal from a final decision of the Board of Veterinary Registration and Examination, but cited the Department of Health Services as defendant rather than the Board of Veterinary Registration. In dismissing the appeal, the Appellate Court noted: "The right to appeal to the court from an administrative agency decision exists only where authorized by statute and only where the aggrieved party strictly complies with CT Page 14171 the statutory provision by which the right of appeal is granted. . . . Here, the plaintiff, by not citing the proper defendant, failed to follow the requirements for appealing from the board's decision as outlined in General Statutes § 4-183. Accordingly, the trial court was correct in concluding that it had no jurisdiction over the appeal." (Citations omitted.) Id., 475-76.
The court has no jurisdiction over this appeal as the plaintiff has failed to cite the Freedom of Information Commission as a party defendant. Accordingly, the appeal is ordered dismissed.
Robert F. McWeeny, J.